UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHRISTINE THOMSEN et al.,

        Plaintiffs,        Case No. 1:22-cv-10271

v.        Honorable Thomas L. Ludington
        United States District Judge

MORLEY COMPANIES, INC.,

        Defendant.
_____/

**ORDER DENYING PLAINTIFFS' MOTION TO FILE ENLARGED BRIEF, GRANTING PLAINTIFFS' MOTION TO SEAL, AND STRIKING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL AND TWO EXHIBITS**

In this data-breach, class-action lawsuit, Plaintiffs allege their personal information was stolen from Defendant during a "massive ransomware-type malware attack." ECF No. 16 at PageID.448. The parties agreed by stipulated order that Plaintiffs would file their motion for preliminary approval of a class-action settlement by August 10, 2022. ECF No. 17 at PageID.783.

On August 18, 2022, Plaintiffs filed a motion to add 15 pages to their motion for class-settlement approval. ECF No. 18. Six days after filing their enlargement motion, Plaintiffs filed their preliminary-approval motion, ECF No. 21, along with a motion to seal certain exhibits, ECF No. 19.

Plaintiffs assert 15 additional pages are necessary to "(i) set forth the material terms of the Parties' Settlement Agreement; (ii) demonstrate that the proposed Settlement Class warrants certification under Rule 23(b)(3) for settlement purposes; and (iii) demonstrate that the Parties' proposed settlement warrants preliminary approval under Rule 23(e) and relevant Sixth Circuit precedent." ECF No. 18 at PageID.789–90.

Plaintiffs have not demonstrated good cause. Plaintiffs' rationale is conclusory and does not provide particular facts warranting 15 additional pages. Moreover, the motion is untimely, as it was submitted eight days after their deadline to file their preliminary-approval motion. *See* ECF No. 17. For both reasons, the motion will be denied.

Plaintiffs also filed a motion to seal Defendant's declarations, with which Defendants concur. ECF No. 19. For good cause shown, the motion to seal will be granted.

Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement and accompanying exhibits will be stricken because it is untimely and does not satisfy the 25-page limit. *See Newman v. Univ. of Dayton*, No. 3:17-cv-179, 2017 WL 4076517, at *3 (S.D. Ohio Sept. 14, 2017) ("'[A] district court has broad discretion to manage its docket'—including by striking a memorandum in violation of its local rules." (quoting *ACLU of Ky. v. McCreary Cnty.,* 607 F.3d 439, 451 (6th Cir. 2010))). Similarly, the exhibits of the motion will be stricken.

Accordingly, it is **ORDERED** that Plaintiffs' Unopposed Motion for Leave to File Enlarged Brief in Support of Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement, ECF No. 18, is **DENIED**.

Further, it is **ORDERED** that Plaintiffs' Motion to Seal Defendant's Declarations, ECF No. 19, is **GRANTED**.

Further, it is **ORDERED** that Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement, ECF No. 21 and Sealed Exhibits, ECF Nos. 20; 22, are **STRICKEN**.

Dated: August 26, 2022   s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge