UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHRISTINE THOMSEN et al.,

        Plaintiffs,                        Case No. 1:22-cv-10271

v.                                        Honorable Thomas L. Ludington
                                               United States District Judge
MORLEY COMPANIES, INC.,

        Defendant.
_____/

**ORDER GRANTING PARTIES' JOINT MOTION FOR LEAVE TO FILE PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS-ACTION SETTLEMENT**

In this data-breach, class-action lawsuit, Plaintiffs allege their personal information was stolen from Defendant during a "massive ransomware-type malware attack." ECF No. 16 at PageID.448.

The parties stipulated that Plaintiffs would file a motion for preliminary approval of a class-action settlement by August 10, 2022. ECF No. 17 at PageID.783. One day before the deadline, they filed another stipulation to extend the deadline to August 24, 2022. *See* ECF Nos. 24-2; 24-3. But, due to an administrative error, the parties' proposed order was not entered.

On August 18, 2022, Plaintiffs filed a motion to add 15 pages to their Motion for Class-Settlement Approval. ECF No. 18. Six days later, they filed a 39-page preliminary-approval motion, ECF No. 21, assuming that it was timely under the parties' stipulation. *See* ECF No. 24 at PageID.1247.

On August 26, 2019, this Court denied Plaintiffs' Motion for a page-limit extension and struck Plaintiff's preliminary-approval motion for exceeding the 25-page limit. ECF No. 23.

One week later, the parties filed a joint motion seeking leave for Plaintiffs to file their 25-page preliminary-approval motion beyond the stipulated deadline. ECF No. 24.

A court may accept a filing after the relevant deadline if the untimely filing "was the result of excusable neglect." FED. R. CIV. P. 6(b). Excusable neglect depends on five factors: (1) danger of prejudice to opposing party; (2) length and impact of delay; (3) reason for the delay; (4) whether the delay was within control of the moving party; and (5) whether the late-filing party acted in good faith. *Pioneer Inv. Servs. v. Brunswick Assocs.*, 507 U.S. 380, 395 (1993).

The parties correctly contend that all five *Pioneer* factors justify leave for Plaintiffs to file a motion for settlement approval.

Accordingly, it is **ORDERED** the Parties' Joint Motion for Leave to File Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement, ECF No. 24, is **GRANTED**. Plaintiffs may file an Unopposed Motion for Preliminary Approval of Class Action Settlement **on or before September 7, 2022**.

Dated: September 2, 2022                                   s/Thomas L. Ludington
                                                           THOMAS L. LUDINGTON
                                                           United States District Judge