# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

| | | |
|---|---|---|
| Christine Thomsen, Donna Miller, Shelbi Farrington, Dianna Kometh, Sally Labree, Harry Peterson, Patrick Burnham, David Teverbaugh, Richard Journagin, Gale Marie Jackson, Edward Cable, Carole Dangelo, Sophia Marks, Albert Shearer, and Rebecca Younk, on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) ) ) ) ) ) | Case No. 1:22-cv-10271-TLL-PTM<br><br>Honorable Thomas L. Ludington<br>Magistrate Patricia T. Morris |
| Plaintiffs, | ) ) | **CLASS ACTION** |
| v. | ) | |

Morley Companies, Inc.,

Defendant.

_____

### <u>SETTLEMENT AGREEMENT</u>

This Settlement Agreement, dated as of August 24, 2022, is made and entered into by and among the following Settling Parties (as defined below): Christine Thomsen, Donna Miller, Shelbi Farrington, Dianna Kometh, Sally Labree, Harry Peterson, Patrick Burnham, David Teverbaugh, Richard Journagin, Gale Marie Jackson, Edward Cable, Carole Dangelo, Sophia Marks, Albert Shearer, and Rebecca Younk ("Plaintiffs"), individually and on behalf of the Settlement Class (as

1

defined below), by and through their counsel Bryan L. Bleichner, Esq. at CHESTNUT CAMBRONNE PA; ("Proposed Settlement Class Counsel" or "Class Counsel"); MORGAN & MORGAN; CLAYEO C. ARNOLD, PROFESSIONAL LAW CORP.; FEDERMAN & SHERWOOD; HELLMUTH & JOHNSON PPLC; KJC LAW GROUP, A.P.C.; THE LYON FIRM; MARKOVITS, STOCK & DEMARCO, LLC; MIGLIACCIO & RATHOD LLP; MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC; THE MILLER LAW FIRM, P.C.; MURPHY LAW FIRM; NATIONAL WAGE AND HOUR LAW, ASH LAW PLLC; and WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP ( collectively "Plaintiffs' Counsel") and Morley Companies, Inc. ( "Defendant" and, together with Plaintiffs, the "Parties") by and through its counsel of record, Jonathan E. Lauderbach and Michael G. Brady of WARNER NORCROSS & JUDD LLP and Casie D. Collignon, Matthew D. Pearson, and James A. Sherer of BAKER & HOSTETLER LLP.  The Settlement Agreement is subject to Court approval and is intended by the Settling Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims (as defined below), upon and subject to the terms and conditions hereof.

## I.     THE LITIGATION

Plaintiffs allege that on or about August 1, 2021, Defendant was the target of a security incident in which an unauthorized user launched a ransomware-type

2

malware on Defendant's network and computer systems and that potentially resulted in unauthorized access of personal information (the "Data Incident"). Plaintiffs allege that, as a result of the Data Incident, an unauthorized user gained access to Plaintiffs' and Defendant's customers and current and former employees' personally identifiable information, including, but not limited to, Social Security numbers ("SSNs"), names, addresses, dates of birth ("DOBs"), driver's license numbers ("DLNs"), client identification numbers, medical diagnostic and treatment information, and health insurance information (collectively, "PII").

After the Data Incident, Defendant notified approximately 694,679 individuals of the Data Incident. Defendant offered these individuals one year of free credit monitoring and identity theft protection services.

Individuals received notices of the Data Incident between January and April 2022. Plaintiffs Miller, Farrington, and Younk allege that the received their notice letters in or about January 2022, and Plaintiffs Thomsen, Kometh, Labree, Peterson, Burnham, Teverbaugh, Journagin, Jackson, Cable, Dangelo, Marks, and Shearer allege that they received their notice letters in or about February 2022. Thereafter, Plaintiff Thomsen commenced the original action against Defendant on February 10, 2022. Beginning on February 11, 2022, and through March 3, 2022, five additional, related class action complaints were filed in Michigan federal court by Plaintiffs Miller, Farrington, Kometh, Labree, Peterson, Burnham, Teverbaugh, Journagin,

3

and Jackson (the "Federal Court Plaintiffs").  A sixth complaint was filed against Defendant in Michigan state court on February 17, 2022 by Plaintiffs Cable, Dangelo, Marks, Shearer, and Younk (the "State Court Plaintiffs").  The Federal Court Plaintiffs all subsequently voluntarily dismissed their separate class complaints and filed an Amended Class Action Complaint with Plaintiff Thomsen on March 14, 2022.  Defendant removed the complaint of the State Court Plaintiffs to this Court, where Defendant and the State Court Plaintiffs agreed to a reasonable extension of Defendant's responsive pleading deadline following the State Court Plaintiffs' motion for remand. In the interim, Defendant attended mediation with Plaintiff Thomsen and the Federal Court Plaintiffs on April 20, 2022, where they reached a successful resolution of this action via settlement.  Plaintiff Thomsen and the Federal Court Plaintiffs then agreed to voluntarily work and join with the State Court Plaintiffs in settlement against Defendant.  Accordingly, on April 29, 2022, the State Court Plaintiffs voluntarily dismissed their complaint and on May 26, 2022, Plaintiff Thomsen, the Federal Court Plaintiffs, and the State Court Plaintiffs filed a Second Amended Class Action Complaint ("SACAC"), combining all named Plaintiffs in the federal and state actions referenced above in the above-captioned action (the "Litigation").

From the onset of the Litigation, and over the course of several months, the Parties engaged in settlement negotiations and attended mediation.  As a result of

these negotiations and mediation, the Parties reached a settlement, which is memorialized in this settlement agreement ("Settlement Agreement").

Pursuant to the terms set out below, this Settlement Agreement provides for the resolution of all claims and causes of action asserted, or that could have been asserted, against Defendant and the Released Persons (as defined below) relating to the Data Incident, by and on behalf of Representative Plaintiffs and Settlement Class Members (as defined below).

## II.    CLAIMS OF REPRESENTATIVE PLAINTIFFS AND BENEFITS OF SETTLING

Plaintiffs believe the claims asserted in the Litigation, as set forth in the SACAC, have merit.  Plaintiffs and Proposed Settlement Class Counsel recognize and acknowledge, however, the expense and length of continued proceedings necessary to prosecute the Litigation against Defendant through motion practice, trial, and potential appeals.  They have also considered the uncertain outcome and risk of further litigation, as well as the difficulties and delays inherent in such litigation, especially in complex class actions.  Proposed Settlement Class Counsel are highly experienced in class action litigation and very knowledgeable regarding the relevant claims, remedies, and defenses at issue generally in such litigation and in this Litigation.  They have determined that the settlement set forth in this

Settlement Agreement is fair, reasonable, and adequate, and in the best interests of the Settlement Class Members.

## III.    DENIAL OF WRONGDOING AND LIABILITY

Defendant denies each and all of the claims and contentions alleged against them in the Litigation.  Defendant denies all charges of wrongdoing or liability as alleged, or which could be alleged, in the Litigation.  Nonetheless, Defendant has concluded that further conduct of the Litigation would be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Settlement Agreement.  Defendant has considered the uncertainty and risks inherent in any litigation.  Defendant has, therefore, determined that it is desirable and beneficial that the Litigation be settled in the manner and upon the terms and conditions set forth in this Settlement Agreement.

## IV.    TERMS OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among Plaintiffs, individually and on behalf of the Settlement Class Members, Proposed Settlement Class Counsel, and Defendant that, subject to the approval of the Court, the Litigation, and the Released Claims shall be finally and fully compromised, settled, and released, and the Litigation shall be dismissed with prejudice as to the Settling Parties and the Settlement Class Members, except those

6

Settlement Class Members who lawfully opt-out of the Settlement Agreement, upon and subject to the terms and conditions of this Settlement Agreement, as follows:

### 1.    Definitions

As used in the Settlement Agreement, the following terms have the meanings specified below:

1.1    "Agreement" or "Settlement Agreement" means this agreement.

1.2    "Claim Form" means the form that will be used by Settlement Class Members to submit a Settlement Claim to the Claims Administrator and that is substantially in the form as shown in Exhibit C to this Settlement Agreement.

1.3    "Claims Administration" means the processing and payment of claims received from Settlement Class Members by the Claims Administrator.

1.4    "Claims Administrator" means Epiq Class Action & Claims Solutions, Inc. and/or its affiliate Hilsoft Notifications (together, "Epiq"), a company experienced in administering class action claims generally and specifically those of the type provided for and made in data breach litigation.

1.5    "Claims Deadline" means the postmark and/or online submission deadline for Settlement Claims pursuant to ¶ 2.3, which shall be 90 days after the Notice Commencement Date (as defined below).  The Claims Deadline shall clearly be set forth in the order granting Preliminary Approval of the Settlement, as well as in the Notice and on the Claim Form.

7

1.6 "Costs of Claims Administration" means all actual costs associated with or arising from Claims Administration.

1.7 "Court" means the United States District Court for the Eastern District of Michigan.

1.8 "Data Incident" means the ransomware attack perpetrated against Defendant giving rise to the action that was discovered on or about August 1, 2021 and that involved an unauthorized third party accessing Defendant's network and computer systems and potentially accessing the personal information of Plaintiffs and Defendant's customers and current and former employees.

1.9 "Dispute Resolution" means the process for resolving disputed Settlement Claims as set forth in this Agreement.

1.10 "Effective Date" means the first date by which all of the events and conditions specified in ¶ 1.12 herein have occurred and been met.

1.11 "Escrow Account" means the account opened by the Claims Administrator at The Huntington National Bank, 41 South High Street Columbus, OH 43287.

1.12 "Final" means the occurrence of all of the following events: (i) the settlement pursuant to this Settlement Agreement is approved by the Court; (ii) the Court has entered a Judgment (as that term is defined herein); and (iii) the time to appeal or seek permission to appeal from the Judgment has expired or, if appealed,

8

the appeal has been dismissed in its entirety, or the Judgment has been affirmed in its entirety by the court of last resort to which such appeal may be taken, and such dismissal or affirmance has become no longer subject to further appeal or review. Notwithstanding the above, any order modifying or reversing any attorneys' fees award or service award made in this case shall not affect whether the Judgment is "Final" as defined herein or any other aspect of the Judgment.

1.13   "Judgment" means a judgment rendered by the Court.

1.14   "Long Notice" means the long-form notice of settlement to be posted on the Settlement Website (as defined below), substantially in the form as shown in Exhibit B to this Settlement Agreement.

1.15   The "Notice Commencement Date" means thirty (30) days after the entry of the Preliminary Approval Order.

1.16   "Objection Date" means the date by which Settlement Class Members must file with the Court through the Court's electronic case filing ("ECF") system and mail to Class Counsel and counsel for Defendant their objection to the Settlement for that objection to be effective.   The postmark date shall constitute evidence of the date of mailing for these purposes.  The Objection Date shall be sixty (60) days after the Notice Commencement Date.

1.17   "Opt-Out Date" means the date by which Settlement Class Members must mail to the Claims Administrator their requests to be excluded from the

Settlement Class for that request to be effective.  The postmark date shall constitute evidence of the date of mailing for these purposes.  The Opt-Out Date shall be sixty (60) days after the Notice Commencement Date.

1.18  "Person" means an individual, corporation, partnership, limited partnership, limited liability company or partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity, and their respective spouses, heirs, predecessors, successors, representatives, or assignees.

1.19  "Plaintiffs" and "Representative Plaintiffs" mean Christine Thomsen, Donna Miller, Shelbi Farrington, Dianna Kometh, Sally Labree, Harry Peterson, Patrick Burnham, David Teverbaugh, Richard Journagin, Gale Marie Jackson, Edward Cable, Carole Dangelo, Sophia Marks, Albert Shearer, and Rebecca Younk.

1.20  "Plaintiffs' Counsel" shall mean CLAYEO C. ARNOLD, PROFESSIONAL LAW CORP.; CHESTNUT CAMBRONNE PA; FEDERMAN & SHERWOOD; HELLMUTH & JOHNSON PPLC; KJC LAW GROUP, A.P.C.; THE LYON FIRM; MARKOVITS, STOCK & DEMARCO, LLC; MIGLIACCIO & RATHOD LLP; MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC; THE MILLER LAW FIRM, P.C.; MORGAN & MORGAN; MURPHY

10

LAW FIRM; NATIONAL WAGE AND HOUR LAW, ASH LAW PLLC; and WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP ("Plaintiffs' Counsel")

1.21   "Preliminary Approval Order" means the order preliminarily approving the Settlement Agreement and ordering that notice be provided to the Settlement Class.   The Settling Parties' proposed form of Preliminary Approval Order is attached to this Settlement Agreement as Exhibit D.

1.22   "Proposed Settlement Class Counsel" and "Class Counsel" means Bryan L. Bleichner of CHESTNUT CAMBRONNE PA.

1.23   "Released Claims" shall collectively mean any and all past, present, and future claims and causes of action including, but not limited to, any causes of action arising under or premised upon any statute, constitution, law, ordinance, treaty, regulation, or common law of any country, state, province, county, city, or municipality, including 15 U.S.C. § 45, *et seq.*, and all similar statutes in effect in any states in the United States as defined below; violations of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*, and all similar statutes in effect in any states in the United States; violations of the California Consumer Privacy Act, Cal. Civ. Code § 1798.100, *et seq.* and the California Consumers Legal Remedies Act, Cal Civ. Code § 1750, *et seq.* and similar state consumer-protection statutes; negligence; negligence *per se*; breach of contract; breach of implied contract; breach of fiduciary duty; breach of confidence; invasion of privacy; fraud;

11

misrepresentation (whether fraudulent, negligent or innocent); unjust enrichment; bailment; wantonness; failure to provide adequate notice pursuant to any breach notification statute or common law duty; and including, but not limited to, any and all claims for damages, injunctive relief, disgorgement, declaratory relief or judgment, equitable relief, attorneys' fees and expenses, pre-judgment interest, credit monitoring services, the creation of a fund for future damages, statutory damages, punitive damages, special damages, exemplary damages, restitution, and/or the appointment of a receiver, whether known or unknown, liquidated or unliquidated, accrued or unaccrued, fixed or contingent, direct or derivative, and any other form of legal or equitable relief that either has been asserted, was asserted, or could have been asserted, by any Settlement Class Member against any of the Released Persons based on, relating to, concerning or arising out of the alleged access to and/or exfiltration of personal information related to the Data Incident or the allegations, transactions, occurrences, facts, or circumstances alleged in or otherwise described in the Litigation.  Released Claims shall not include the right of any Settlement Class Member or any of the Released Persons to enforce the terms of the settlement contained in this Settlement Agreement, and shall not include the claims of Settlement Class Members who have timely excluded themselves from the Settlement Class.

1.24  "Related Entities" means Defendant's respective past or present parents, subsidiaries, divisions, and related or affiliated entities, and each of their respective predecessors, successors, directors, officers, principals, agents, attorneys, insurers, and reinsurers, and includes, without limitation, any Person related to any such entity who is, was or could have been named as a defendant in any of the actions in the Litigation, other than any Person who is found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contendere* to any such charge.

1.25   "Released Persons" means Defendant and its Related Entities and each of their past or present parents, subsidiaries, divisions, and related or affiliated entities, and each of their respective predecessors, successors, directors, officers, principals, agents, attorneys, insurers, and reinsurers. Released Persons expressly includes all Persons (1) with whom Morley maintained a Business Associate relationship as defined by 45 CFR 160.103 and (2) to whom Morley provided notification that their data may have been impacted by the Ransomware Attack, as well as those Persons' subsidiaries, affiliates, and/or customers, including, but not limited to, Oriental Bank and Aetna Life Insurance Company.

1.26  "Settlement Claim" means a claim for settlement benefits made under the terms of this Settlement Agreement.

13

1.27   "Settlement Class" means all natural persons residing in the United States who were sent notice letters notifying them that their Private Information was compromised in the Data Incident announced by Defendant on or about August 1, 2021.  The Settlement Class specifically excludes: (i) Defendant and its respective officers and directors; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) the Judge assigned to evaluate the fairness of this settlement; and (iv) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contendere* to any such charge.

1.28   "Settlement Class Member(s)" means a Person(s) who falls within the definition of the Settlement Class.

1.29   "Settlement Fund" means a non-reversionary common fund to be established by Defendant in the amount of four million three hundred thousand dollars ($4,300,000.00) which shall be deposited into the Escrow Account as set forth in ¶ 2.1.

1.30   "Settling Parties" means, collectively, Defendant and Plaintiffs, individually and on behalf of the Settlement Class.

1.31   "Short Notice" means the short notice of the proposed class action settlement, substantially in the form as shown in Exhibit A to this Settlement

14

Agreement.  The Short Notice will direct recipients to the Settlement Website where recipients may view the Long Notice and make a claim for monetary relief.  The Short Notice will also inform Settlement Class Members, *inter alia*, of the Claims Deadline, the Opt-Out Date and Objection Date, and the date of the Final Fairness Hearing (as defined below).

1.32  "United States" as used in this Settlement Agreement includes the District of Columbia and all territories.

1.33  "Unknown Claims" means any of the Released Claims that any Settlement Class Member, including any Plaintiff, does not know or suspect to exist in his/her favor at the time of the release of the Released Persons that, if known by him or her, might have affected his or her settlement with, and release of, the Released Persons, or might have affected his or her decision not to object to and/or to participate in this Settlement Agreement.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that upon the Effective Date, Plaintiffs intend to and expressly shall have, and each of the other Settlement Class Members intend to and shall be deemed to have, and by operation of the Judgment shall have, waived the provisions, rights, and benefits conferred by California Civil Code § 1542, and also any and all provisions, rights, and benefits conferred by any law of any state, province, or territory of the United States (including, without limitation, California Civil Code §§ 1798.80, *et seq.*, Montana Code Ann. § 28-1-

1602; North Dakota Cent. Code § 9-13-02; and South Dakota Codified Laws § 20-7-11), which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Settlement Class Members, including Representative Plaintiffs, and any of them, may hereafter discover facts in addition to, or different from, those that they, and any of them, now know or believe to be true with respect to the subject matter of the Released Claims, but Representative Plaintiffs expressly shall have, and each other Settlement Class Member shall be deemed to have, and by operation of the Judgment shall have, upon the Effective Date, fully, finally and forever settled and released any and all Released Claims. The Settling Parties acknowledge, and Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver is a material element of the Settlement Agreement of which this release is a part.

1.34   "Valid Claims" means Settlement Claims in an amount approved by the Claims Administrator or found to be valid through the claims processing and/or Dispute Resolution process.

## 2.   Settlement Benefits

2.1   Within twenty-one (21) business days after entry of an order granting Preliminary Approval of the settlement, Defendant will deposit the full amount of the Settlement Fund into the Escrow Account.   From the Settlement Fund, the Settlement Administrator shall pay all Costs of Claim Administration; the costs of all "Automatic Benefits," as defined below; all Valid Claims; any service awards to Representative Plaintiffs; and any attorneys' fees award to Proposed Settlement Class Counsel.   The Settlement Fund represents the total extent of the Released Parties' monetary obligations under this Settlement Agreement.   The Claims Administrator shall be responsible for all tax filings with respect to the Settlement Fund.

2.2   Automatic Benefits:   Settlement Class Members who previously claimed the IDX credit and identity monitoring are entitled to a minimum 3-year extension of the term of their IDX monitoring, without the need to make a claim, and the cost of which to be paid from the Settlement Fund.

2.3   Claimed Benefits:   In addition to the Automatic Benefits described above, all Settlement Class Members shall have the opportunity to submit a Claim

17

Form for certain Claimed Benefits.  The Claimed Benefits, as described below, shall include: (1) Out-of-Pocket-Expense Claims; (2) Lost-Time Claims; (3) California Claims, (4) Credit Monitoring; and (5) Password Managing Services.

      a)     <u>Out-of-Pocket Expense Claims</u>.  Settlement Class Members can submit a Claim Form for reimbursement of documented out-of-pocket losses reasonably traceable to the Data Incident up to $2,500 per individual ("Out-of-Pocket-Expense Claims").  Out-of-Pocket-Expense Claims will include, without limitation, unreimbursed losses relating to fraud or identity theft; professional fees including attorneys' fees, accountants' fees, and fees for credit repair services; costs associated with freezing or unfreezing credit with any credit reporting agency; credit monitoring costs that were incurred on or after August 1, 2021 that the claimant attests under penalty of perjury were caused or otherwise incurred as a result of the Data Incident, through the date of claim submission; and miscellaneous expenses such as notary, data charges (if charged based on the amount of data used) fax, postage, copying, mileage, cell phone charges (only if charged by the minute), and long-distance telephone charges.

18

Settlement Class Members with Out-of-Pocket-Expense Claims must submit documentation supporting their claims. This may include receipts or other documentation, not "self-prepared" by the claimant, that documents the costs incurred. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but may be considered to add clarity or support to other submitted documentation.

b)   <u>Lost-Time Claims</u>.   Settlement Class Members can submit a Claim Form for reimbursement for time spent remedying issues related to the Data Incident for up to four (4) total hours at a rate of $20 per hour ("Lost-Time Claims"). No documentation need be submitted in connection with Lost-Time Claims, but Settlement Class Members must attest that the time claimed was actually spent as a result of the Data Incident. Lost-Time Claims can be combined with claims for Out-of-Pocket-Expense Claims.

c)   <u>California Claims</u>.   Settlement Class Members can submit a Claim Form for an additional benefit of $75.00 per Settlement Class Member as compensation for their statutory claim(s)

19

under California law ("California Claims").  To be eligible to receive compensation for California Claims, Settlement Class Members must attest, under penalty of perjury, that they were residents of California at the time of the Data Incident.  To redeem this $75.00 benefit, Settlement Class Members need not submit any documentation.  This additional amount can be combined with either or both Out-of-Pocket-Expense Claims or Lost-Time Claims.

(d)  Credit Monitoring.  All Settlement Class Members who did not previously claim the IDX credit and identity monitoring will be provided a new offer to claim 3-bureau credit monitoring for a period of three (3) years from the Effective Date of the settlement. This service will be available to all Settlement Class Members who make a claim for a minimum period of three (3) years. Settlement Class Members shall have a period of ninety (90) days after the credit and identity monitoring activation codes are sent to activate the service.

(e)  Password Managing Service.  All Settlement Class Members will have the opportunity to enroll in one-year of Kroll's "Dashlane" password managing services (or similar product) by filing a

20

claim. Settlement Class Members who file a claim will be sent an activation code for the Dashlane services (or similar product) after the Effective Date.  Settlement Class Members shall have a period of ninety (90) days after the Dashlane activation codes are sent to activate the service.

2.4     Settlement Class Members seeking reimbursement or the other benefits under ¶ 2.3 must complete and submit a Claim Form to the Claims Administrator, postmarked or submitted online on or before the 90th day after commencement of mailing notice to Settlement Class Members as set forth in ¶ 3.2.  The notice to the class will specify this deadline and other relevant dates described herein.  The Claim Form must be verified by the Settlement Class Member with a statement that his or her claim is true and correct, to the best of his or her knowledge and belief.  Notarization shall not be required.  The Settlement Class Member must submit reasonable documentation demonstrating that expenses claimed in their Out-of-Pocket-Expense Claims were both actually incurred and plausibly arose from the Data Incident.  Failure to provide the necessary supporting documentation, as requested on the Claim Form, shall result in denial of the Out-of-Pocket-Expense Claim.  No documentation is needed for Lost-Time Claims, California Claims, Credit-Monitoring, or Dashlane.  Disputes as to claims submitted under this paragraph are to be resolved pursuant to the provisions stated in ¶ 2.8.

21

2.5    Any residual funds after payment of all class benefits, Claims Administration fees, attorneys' fees, costs, and service awards shall be used to extend Credit Monitoring as provided for in ¶ 2.2(a) and ¶ 2.2(d) to those Settlement Class Members who have enrolled in Credit Monitoring, to the maximum term that the residual funds will allow on a class-wide basis.  Any additional remainder shall be used for a *pro rata* increase of Lost-Time Claims, up to a maximum of $160 per claimant.

2.6    <u>Business Practices Changes</u>.  Plaintiffs have received assurances that Defendant either has undertaken or will undertake certain reasonable steps to further secure its systems and environments and will prepare a confidential declaration detailing same.  The declaration will be submitted under seal as part of the Preliminary Approval of Class Action Settlement.

2.7    <u>Confirmatory Discovery</u>.  Defendant has provided or will provide reasonable access to confidential confirmatory discovery regarding the number of Settlement Class Members broken down by category (*e.g.*, current customer, former customer, current employee, former employee, etc.) and state of residence, the facts and circumstances of the Data Incident and Defendant's response thereto, and the changes and improvements that have been made or are being made to protect class members' PII.

2.8     <u>Dispute Resolution for Claims</u>.  The Claims Administrator, in its sole discretion to be reasonably exercised, will determine whether: (1) the claimant is a Settlement Class Member; (2) the claimant has provided all information needed to complete the Claim Form, including any documentation that may be necessary to reasonably support the Out-of-Pocket-Expense Claims described in ¶ 2.3; and (3) the information submitted could lead a reasonable person to conclude that it is more likely than not the claimant has suffered the claimed losses as a result of the Data Incident.  The Claims Administrator may, at any time, request from the claimant, in writing, additional information as the Claims Administrator may reasonably require in order to evaluate the claim, e.g., documentation requested on the Claim Form, information regarding the claimed losses, and claims previously made for identity theft and the resolution thereof.  For any such claims that the Claims Administrator determines to be implausible, the Claims Administrator will submit those claims to the Settling Parties (one Plaintiffs' lawyer shall be designated to fill this role for all Plaintiffs).  If the Settling Parties do not agree with the claimant's Settlement Claim, after meeting and conferring, then the Settlement Claim shall be referred for resolution to a claims referee, to be selected by the Parties if needed.  Any costs associated with work performed by the claims referee shall be paid by Defendant.

2.8.1  Upon receipt of an incomplete or unsigned Claim Form or a Claim Form that is not accompanied by sufficient documentation to determine

whether the claim is facially valid, the Claims Administrator shall request additional information and give the claimant thirty (30) days to cure the defect before rejecting the claim. If the defect is not cured, then the claim will be deemed invalid and there shall be no obligation to pay the defective claim.

 2.8.2 Following receipt of additional information requested by the Claims Administrator, the Claims Administrator shall have thirty (30) days to accept, in whole or lesser amount, or reject each claim. If, after review of the claim and all documentation submitted by the claimant, the Claims Administrator determines that such a claim is facially valid, then the claim shall be paid. If the claim is not facially valid because the claimant has not provided all information needed to complete and evaluate the claim, then the Claims Administrator may reject the claim without any further action. A defect in one claim shall not cause rejection of any other valid claim submitted by the claimant. If the claim is rejected in whole or in part, for other reasons, then the claim shall be referred to the claims referee.

 2.8.3 Settlement Class Members shall have thirty (30) days from receipt of the offer to accept or reject any offer of partial payment received from the Claims Administrator. If a Settlement Class Member rejects an offer from the Claims Administrator, the Claims Administrator shall have fifteen (15) days to reconsider its initial adjustment amount and make a final determination. If the claimant approves the final determination, then the approved amount shall be the

amount to be paid.  If the claimant does not approve the final determination within thirty (30) days, then the dispute will be submitted to the claims referee within an additional ten (10) days.

2.8.4  If any dispute is submitted to the claims referee, the claims referee may approve the Claims Administrator's determination by making a ruling within fifteen (15) days.  The claims referee may make any other final determination of the dispute or request further supplementation of a claim within thirty (30) days. The claims referee's determination shall be based on whether the claims referee is persuaded that the claimed amounts are reasonably supported in fact and were more likely than not caused by the Data Incident.  The claims referee shall have the power to approve a claim in full or in part.  The claims referee's decision will be final and non-appealable.   Any claimant referred to the claims referee shall reasonably cooperate with the claims referee, including by either providing supplemental information as requested or, alternatively, signing an authorization allowing the claims referee to verify the claim through third-party sources, and failure to cooperate shall be grounds for denial of the claim in full.  The claims referee shall make a final decision within thirty (30) days of receipt of all supplemental information requested.

2.9    Settlement Expenses. All costs for notice to the Settlement Class Members as required under ¶ 3.2, Costs of Claims Administration under ¶¶ 8.1, 8.2,

and 8.3, and the costs of Dispute Resolution described in ¶ 2.8, shall be paid out of the Settlement Fund.

2.10    Settlement Class Certification.    The Settling Parties agree, for purposes of this settlement only, to the certification of the Settlement Class and the California Settlement Subclass.   If the settlement set forth in this Settlement Agreement is not approved by the Court, or if the Settlement Agreement is terminated or cancelled pursuant to the terms of this Settlement Agreement, this Settlement Agreement, and the certification of the Settlement Class provided for herein, will be vacated and the Litigation shall proceed as though the Settlement Class had never been certified, without prejudice to any Person's or Settling Party's position on the issue of class certification or any other issue.   The Settling Parties' agreement to the certification of the Settlement Class is also without prejudice to any position asserted by the Settling Parties in any other proceeding, case or action, as to which all of their rights are specifically preserved.

## 3.    Order of Preliminary Approval and Publishing of Notice of Final Fairness Hearing

3.1.    As soon as practicable after the execution of the Settlement Agreement, Proposed Settlement Class Counsel and counsel for Defendant shall jointly submit this Settlement Agreement to the Court, and Proposed Settlement Class Counsel will file a motion for preliminary approval of the settlement with the Court requesting

entry of a Preliminary Approval Order in the form substantially similar to Exhibit D in both terms and cost, requesting, *inter alia:*

    a)   certification of the Settlement Class for settlement purposes only pursuant to ¶ 2.8;

    b)   preliminary approval of the Settlement Agreement as set forth herein;

    c)   appointment of Proposed Settlement Class Counsel as Settlement Class Counsel;

    d)   appointment of Plaintiffs as Class Representatives;

    e)   approval of the Short Notice to be emailed or mailed to Settlement Class Members in a form substantially similar to the one attached as Exhibit A this Settlement Agreement;

    f)   approval of the Long Notice to be posted on the Settlement Website in a form substantially similar to the one attached as Exhibit B to this Settlement Agreement, which, together with the Short Notice, shall include a fair summary of the Parties' respective litigation positions, statements that the settlement and notice of settlement are legitimate and that the Settlement Class Members are entitled to benefits under the settlement, the general terms of the settlement set forth in the Settlement

Agreement, instructions for how to object to or opt-out of the settlement, instructions for how to obtain the Automatic Benefits, the process and instructions for making claims to the extent contemplated herein, and the date, time and place of the Final Fairness Hearing;

g)      approval of a Claim Form to be used by Settlement Class Members to make a claim in a form substantially similar to the one attached as Exhibit C to this Settlement Agreement; and

h)      appointment of Epiq as the Claims Administrator.

The Short Notice, Long Notice, and Claim Form have been reviewed and approved by the Claims Administrator but may be revised as agreed upon by the Settling Parties prior to submission to the Court for approval.  Immaterial revisions to these documents may also be made prior to dissemination of notice.

3.2      Costs for providing notice to the Settlement Class in accordance with the Preliminary Approval Order, and the costs of such notice, together with the Costs of Claims Administration shall be paid from the Settlement Fund.  Attorneys' fees, costs, and expenses of Proposed Settlement Class Counsel, and service awards to Class Representatives, as approved by the Court, shall also be paid from the Settlement Fund as set forth in ¶ 7 below.  Notice shall be provided to Settlement Class Members by the Claims Administrator as follows:

a)   *Class Member Information*: No later than fourteen (14) days after entry of the Preliminary Approval Order, Defendant shall provide the Claims Administrator with the name and last known physical address of each Settlement Class Member (collectively, "Class Member Information") that Defendant possesses.

b)   The Class Member Information and its contents shall be used by the Claims Administrator solely for the purpose of performing its obligations pursuant to this Agreement and shall not be used for any other purpose at any time.  Except to administer the settlement as provided in this Settlement Agreement, or provide all data and information in its possession to the Settling Parties upon request, the Claims Administrator shall not reproduce, copy, store, or distribute in any form, electronic or otherwise, the Class Member Information.

c)   *Settlement Website*: Prior to the dissemination of the Class Notice, the Claims Administrator shall establish a settlement website (www.MorleySettlement.com) that will inform Settlement Class Members of the terms of this Agreement, their

29

rights, dates and deadlines and related information ("Settlement Website"). The Settlement Website shall include, in .pdf format and available for download, the following: (i) the Long Notice; (ii) the Claim Form; (iii) the Preliminary Approval Order; (iv) this Agreement; (v) the operative SACAC filed in the Litigation; and (vi) any other materials agreed upon by the Parties and/or required by the Court. The Settlement Website shall provide Class Members with the ability to complete and submit the Claim Form electronically.

d) *Short Notice:* Within thirty (30) days after the entry of the Preliminary Approval Order ("Notice Commencement Date") and to be substantially completed not later than forty-five (45) days after entry of the Preliminary Approval Order, and subject to the requirements of this Settlement Agreement and the Preliminary Approval Order, the Claims Administrator will provide notice to the Settlement Class as follows:

• via mail to the postal address in Defendant's possession. Before any mailing under this paragraph occurs, the Claims Administrator shall run the postal addresses of Settlement Class Members through the United States

30

Postal Service ("USPS") National Change of Address database to update any change of address on file with the USPS;

- in the event that a Short Notice is returned to the Claims Administrator by the USPS because the address of the recipient is no longer valid, and the envelope contains a forwarding address, the Claims Administrator shall re-send the Short Notice to the forwarding address within seven (7) days of receiving the returned Short Notice;

- in the event that subsequent to the first mailing of a Short Notice, and at least fourteen (14) days prior to the Opt-Out Date and Objection Date, a Short Notice is returned to the Claims Administrator by the USPS because the address of the recipient is no longer valid, i.e., the envelope is marked "Return to Sender" and does not contain a new forwarding address, the Claims Administrator shall perform a standard skip trace, in the manner that the Claims Administrator customarily performs skip traces, in an effort to attempt to ascertain the current address of the particular Settlement Class

31

Member in question and, if such an address is ascertained, the Claims Administrator will re-send the Short Notice within seven (7) days of receiving such information. This shall be the final requirement for mailing.

e) Publishing, on or before the Notice Date, the Claim Form, Long Notice and this Settlement Agreement on the Settlement Website, as specified in the Preliminary Approval Order, and maintaining and updating the website throughout the claim period;

f) A toll-free help line with an IVR system and a live operator option shall be made available to provide Settlement Class Members with additional information about the settlement. The Claims Administrator also will provide copies of the Long Notice and paper Claim Form, as well as this Settlement Agreement, upon request; and

g) Contemporaneously with seeking Final Approval of the Settlement, Proposed Settlement Class Counsel and Defendant shall cause to be filed with the Court an appropriate affidavit or declaration with respect to complying with these provisions regarding notice.

3.3     The Short Notice, Long Notice, and other applicable communications to the Settlement Class may be adjusted by the Claims Administrator in consultation and agreement with the Settling Parties as may be reasonable and not inconsistent with such approval.  The Notice Program shall commence within thirty (30) days after entry of the Preliminary Approval Order and shall be completed within forty-five (45) days after entry of the Preliminary Approval Order.

3.4     Proposed Settlement Class Counsel and Defendant's counsel shall request that after notice is completed the Court hold a hearing (the "Final Fairness Hearing") and grant final approval of the settlement set forth herein.

3.5     Defendant will also cause the Claims Administrator to provide (at Defendant's expense) notice to the relevant state and federal governmental officials as required by the Class Action Fairness Act.

**4.     Opt-Out Procedures**

4.1     Each Person wishing to opt-out of the Settlement Class shall individually sign and timely submit written notice of such intent to the designated Post Office box established by the Claims Administrator.  The written notice must clearly manifest a Person's intent to opt-out of the Settlement Class.  To be effective, written notice must be postmarked no later than the Opt-Out Date, as defined in ¶ 1.18.

4880-7567-2109.10

4.2     All Persons who submit valid and timely notices of their intent to opt-out of the Settlement Class, as set forth in ¶ 4.1 above, referred to herein as "Opt-Outs," shall not receive any benefits of and/or be bound by the terms of this Settlement Agreement.  All Persons falling within the definition of the Settlement Class who do not opt-out of the Settlement Class in the manner set forth in ¶ 4.1 above shall be bound by the terms of this Settlement Agreement and Judgment entered thereon.

4.3     In the event that within ten (10) days after the Opt-Out Date as approved by the Court, there have been more than 500 timely and valid Opt-Outs submitted, Defendant may, by notifying Proposed Settlement Class Counsel and the Court in writing, void this Settlement Agreement.   If Defendant voids the Settlement Agreement pursuant to this paragraph, Defendant shall be obligated to pay all previously incurred, reasonable expenses arising out of the Claims Administration.

## 5.     Objection Procedures

5.1     Each Settlement Class Member desiring to object to the Settlement Agreement shall submit a timely written notice of his or her objection by the Objection Date, as defined in ¶ 1.17.  Such notice shall state: (i) the objector's full name and address; (ii) the case name and docket number, *Thomsen, et al. v. Morley Cos., Inc.*, Case No. 1:22-cv-10271-TLL-PTM (E.D. Mich.); (iii) information identifying the objector as a Settlement Class Member, including proof that the

34

objector is a member of the Settlement Class (e.g., copy of the objector's settlement notice, copy of original notice of the Data Incident, or a statement explaining why the objector believes he or she is a Settlement Class Member); (iv) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable; (v) the identity of any and all counsel representing the objector in connection with the objection; (vi) a statement whether the objector and/or his or her counsel will appear at the Final Fairness Hearing; and (vii) the objector's signature or the signature of the objector's duly authorized attorney or other duly authorized representative (if any) representing him or her in connection with the objection.  To be timely, written notice of an objection in the appropriate form must be mailed, with a postmark date no later than the Objection Date, to Proposed Settlement Class Counsel, Bryan L. Bleichner CHESTNUT CAMBRONNE PA, 100 Washington Avenue South, Suite 1700, Minneapolis, MN 55401; and counsel for Defendant, Casie D. Collignon, BAKER & HOSTETLER, LLP, 1801 California Street, Suite 4400, Denver, Colorado 80202.  The objector or his or her counsel may also file Objections with the Court through the Court's ECF system, with service on Proposed Settlement Class Counsel and Defendant's Counsel made through the ECF system.  For all objections mailed to Proposed Settlement Class Counsel and counsel for Defendant, Proposed Settlement Class

35

Counsel will file them with the Court with the Motion for Final Approval of the Settlement.

5.2    Any Settlement Class Member who fails to comply with the requirements for objecting in ¶ 5.1 shall waive and forfeit any and all rights he or she may have to appear separately and/or to object to the Settlement Agreement, and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders and judgments in the Litigation.  The exclusive means for any challenge to the Settlement Agreement shall be through the provisions of ¶ 5.1.  Without limiting the foregoing, any challenge to the Settlement Agreement, the final order approving this Settlement Agreement, or the Judgment to be entered upon final approval shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

**6.    Releases**

6.1    Upon the Effective Date, each Settlement Class Member, including Plaintiffs, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims. Further, upon the Effective Date, and to the fullest extent permitted by law, each Settlement Class Member, including Representative Plaintiffs, shall, either directly, indirectly, representatively, as a member of or on behalf of the general public or in any capacity, be permanently barred and enjoined from commencing, prosecuting,

36

or participating in any recovery in any action in this or any other forum (other than participation in the settlement as provided herein) in which any of the Released Claims is asserted.  Any other claims or defenses Representative Plaintiffs and each and all of the Settlement Class Members may have against Defendant that are not based upon or do not arise out of the institution, prosecution, assertion, settlement, or resolution of the Data Incident, the Litigation, or the Released Claims are specifically preserved and shall not be affected by the preceding sentence.

6.2    Upon the Effective Date, Defendant shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged, Representative Plaintiffs, each and all of the Settlement Class Members, Proposed Settlement Class Counsel, of all claims, including Unknown Claims, based upon or arising out of the institution, prosecution, assertion, settlement, or resolution of the Litigation or the Released Claims, except for enforcement of the Settlement Agreement.   Any other claims or defenses Defendant may have against such Persons including, without limitation, any claims based upon or arising out of any retail, banking, debtor-creditor, contractual, or other business relationship with such Persons that are not based upon or do not arise out of the institution, prosecution, assertion, settlement, or resolution of the Litigation or the Released Claims are specifically preserved and shall not be affected by the preceding sentence.

4880-7567-2109.10

6.3     Notwithstanding any term herein, neither Defendant nor its Related Parties shall have or shall be deemed to have released, relinquished or discharged any claim or defense against any Person other than Representative Plaintiffs, each and all of the Settlement Class Members, and Proposed Settlement Class Counsel.

## 7.      Plaintiffs' Counsel's Attorneys' Fees, Costs, and Expenses; Service Awards to Representative Plaintiffs

7.1     The Settling Parties did not discuss the payment of attorneys' fees, costs, expenses and/or service awards to Plaintiffs, as provided for in ¶¶ 7.2 and 7.3, until after the substantive terms of the settlement had been agreed upon, other than that reasonable attorneys' fees, costs, expenses, and service awards to Plaintiffs as may be agreed to by Defendant and Proposed Settlement Class Counsel and as ordered by the Court shall be paid from the Settlement Fund.  Defendant and Proposed Settlement Class Counsel then negotiated and agreed to the procedure described in ¶ 7.2.

7.2     Proposed Settlement Class Counsel will move the Court for an award of attorneys' fees and costs not to exceed 33% of the Settlement Fund, or approximately $1,419,000.  Proposed Settlement Class Counsel, in their sole discretion, shall allocate and distribute any amounts of attorneys' fees, costs, and expenses awarded by the Court among Plaintiffs' Counsel.

7.3     Subject to Court approval, Plaintiffs intend to request service awards in the amount of up to $1,500 to each of the fifteen Representative Plaintiffs.

7.4     If awarded by the Court, Plaintiffs may seek payment from the Settlement Fund, as set forth in ¶¶ 7.2, 7.3, and 7.4, within 30 days after the Effective Date.  As set forth in ¶ 2.1, payment of the Settlement Fund will be deposited into the Escrow Account opened by the Claims Administrator at The Huntington National Bank, 41 South High Street Columbus, OH 43287. Proposed Settlement Class Counsel shall thereafter distribute the award of attorneys' fees, costs, and expenses among Plaintiffs' Counsel and service awards to Plaintiffs consistent with ¶¶ 7.2, 7.3 and 7.4.

7.5     The amount(s) of any award of attorneys' fees, costs, and expenses, and the service awards to Plaintiffs, are intended to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the settlement.  These payments will not in any way reduce the consideration being made available to the Settlement Class as described herein.  No order of the Court, or modification or reversal or appeal of any order of the Court, concerning the amount(s) of any attorneys' fees, costs, expenses, and/or service awards ordered by the Court to Proposed Settlement Class Counsel or Representative Plaintiffs shall affect whether the Judgment is Final or constitute grounds for cancellation or termination of this Settlement Agreement.

**8.**      **Settlement Fund**

8.1      Deposits.      Defendant agrees to make a payment of Four Million Three Hundred Thousand Dollars and No Cents ($4,300,000.0) and deposit that payment into the Settlement Fund as follows: (i) Defendant Morley shall pay Four Million Three Hundred Thousand Dollars and No Cents ($4,300,000.00) into the Settlement Fund within twenty-one (21) business days after the Court enters the Preliminary Approval Order, which shall in part be available to cover reasonable costs associated with the Notice Plan and any other Administrative Expenses incurred prior to entry of the Final Approval Order and Judgment.  For the avoidance of doubt, and for purposes of this Settlement Agreement only, Defendant Morley's liability shall not exceed Four Million Three Hundred Thousand Dollars and No Cents ($4,300,000.00) absent an express written agreement between the Parties to the contrary.

8.2      Custody of the Settlement Fund.  The Settlement Fund shall be deposited into an appropriate trust established by the Settlement Administrator but shall remain subject to the jurisdiction of the Court until such time as the entirety of the Settlement Fund is distributed pursuant to the Settlement Agreement or returned

to those who paid the Settlement Fund in the event this Settlement Agreement is voided, terminated, or cancelled.

8.3     Treasury Regulations and Fund Investment. The Parties agree that the Settlement Fund is intended to be maintained as a qualified settlement fund within the meaning of Treasury Regulation § 1.468 B-1, and that the Settlement Administrator, within the meaning of Treasury Regulation § 1.468 B-2(k)(3), shall be responsible for filing tax returns and any other tax reporting for or in respect of the Settlement Fund and paying from the Settlement Fund any taxes owed with respect to the Settlement Fund. The Parties agree that the Settlement Fund shall be treated as a qualified settlement fund from the earliest date possible and agree to any relation-back election required to treat the Settlement Fund as a qualified settlement fund from the earliest date possible. Any and all funds held in the Settlement Fund shall be held in an interest-bearing account insured by the Federal Deposit Insurance Corporation ("FDIC") at a financial institution determined by the Settlement Administrator and approved by the Parties.  Funds may be placed in a non-interest bearing account as may be reasonably necessary during the check clearing process. The Settlement Administrator shall provide an accounting of any and all funds in the

Settlement Fund, including any interest accrued thereon and payments made pursuant to this Agreement, upon request of any of the Parties.

8.4     Taxes.          All taxes relating to the Settlement Fund shall be paid out of the Settlement Fund, shall be considered an Administrative Expense, and shall be timely paid by the Settlement Administrator without prior order of the Court. Further, the Settlement Fund shall indemnify and hold harmless the Parties and their counsel for taxes (including, without limitation, taxes payable by reason of any such indemnification payments).  The Parties and their respective counsel have made no representation or warranty with respect to any tax treatment by any Class Representative or any Settlement Class Member of any payment or transfer made pursuant to this Agreement or derived from or made pursuant to the Settlement Fund. Each Class Representative and Settlement Class Member shall be solely responsible for the federal, state, and local tax consequences to him, her, they, or it of the receipt of funds from the Settlement Fund pursuant to this Agreement.

## 9.     Administration of Claims

9.1     The Claims Administrator shall administer and calculate the claims submitted by Settlement Class Members under ¶¶ 2.3, and 2.4.  Proposed Settlement Class Counsel and Defendant shall be given reports as to both claims and distribution, and have the right to review and obtain supporting documentation and challenge such reports if they believe them to be inaccurate or inadequate.  The

42

Claims Administrator's and claims referee's, as applicable, determination of whether a Settlement Claim is a Valid Claim shall be binding, subject to the dispute resolution process set forth in ¶ 2.8. All claims agreed to be paid in full by Defendant shall be deemed valid.

9.2    Payment of Valid Claims, whether via mailed check or electronic distribution, shall be made within sixty (60) days of the Effective Date, or within thirty (30) days of the date that the claim is approved, whichever is later.

9.3    All Settlement Class Members who fail to timely submit a claim for any benefits hereunder within the time frames set forth herein, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments or benefits pursuant to the settlement set forth herein, but will in all other respects be subject to, and bound by, the provisions of the Settlement Agreement, the releases contained herein and the Judgment.

9.4    No Person shall have any claim against the Claims Administrator, claims referee, Defendant, Proposed Settlement Class Counsel, Representative Plaintiffs, and/or Defendant's counsel based on distributions of benefits to Settlement Class Members.

**10.    Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination**

10.1    The Effective Date of the settlement shall be conditioned on the occurrence of all of the following events:

a)      Defendant has not exercised its option to terminate the Settlement Agreement pursuant to ¶ 4.3, the Court has entered the Judgment granting final approval to the settlement as set forth herein; and

b)      the Judgment has become Final, as defined in ¶ 1.13.

10.2    If all conditions specified in ¶ 9.1 hereof are not satisfied, the Settlement Agreement shall be canceled and terminated subject to ¶ 9.4 unless Proposed Settlement Class Counsel and Defendant's counsel mutually agree in writing to proceed with the Settlement Agreement.

10.3    Within seven (7) days after the Opt-Out Date, the Claims Administrator shall furnish to Proposed Settlement Class Counsel and to Defendant's counsel a complete list of all timely and valid requests for exclusion (the "Opt-Out List").

10.4    In the event that the Settlement Agreement or the releases set forth in ¶¶ 6.1, 6.2, and 6.3 above are not approved by the Court or the settlement set forth in the Settlement Agreement is terminated in accordance with its terms, (i) the Settling Parties shall be restored to their respective positions in the Litigation and shall jointly request that all scheduled litigation deadlines be reasonably extended by the Court so as to avoid prejudice to any Settling Party or Settling Party's counsel,

44

and (b) the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Settling Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc.*  Notwithstanding any statement in this Settlement Agreement to the contrary, no order of the Court or modification or reversal on appeal of any order reducing the amount of attorneys' fees, costs, expenses, and/or service awards shall constitute grounds for cancellation or termination of the Settlement Agreement.  Further, notwithstanding any statement in this Settlement Agreement to the contrary, Defendant shall be obligated to pay amounts already billed or incurred for costs of notice to the Settlement Class, Claims Administration, and Dispute Resolution pursuant to ¶ 2.8 above and shall not, at any time, seek recovery of same from any other party to the Litigation or from counsel to any other party to the Litigation.

## 11.    Miscellaneous Provisions

11.1  The Settling Parties (i) acknowledge that it is their intent to consummate this Agreement; and (ii) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Settlement Agreement, and to exercise their best efforts to accomplish the terms and conditions of this Settlement Agreement.

11.2   In the event the Net Settlement Fund is insufficient to cover the payment for the credit monitoring services claimed by Settlement Class Members or automatically awarded, the duration of the credit monitoring will be reduced to exhaust the Settlement Fund.  In such an event, no Settlement Funds will be distributed to Claimants for Approved Claims for Out-of-Pocket Loss Payments, Lost Time Payments, or California Statutory Payments.  In the event that the aggregated amount of all Out-of-Pocket Loss Payments, Lost Time Payments, California Statutory Payments, payments for Credit Monitoring, and payments for Password Monitoring Services exceeds the total amount of the Settlement Fund, then the value of the Out-of-Pocket Loss Payments to be paid to each Settlement Class Member making a Valid Claim shall be reduced on a pro rata basis, such that the aggregate value of all payments for Out-of-Pocket Loss, Lost Time, California Statutory awards, Credit Monitoring, and Password Monitoring Services does not exceed the Settlement Fund (after payment of all Settlement Administration Costs and Expenses, Attorneys' Fees, Expenses, and Service Awards).  All pro rata reduction determinations shall be made by the Settlement Administrator.

11.3   The Settling Parties intend this settlement to be a final and complete resolution of all disputes between them with respect to the Litigation.  The settlement compromises claims that are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense.  The Settling Parties each

agree that the settlement was negotiated in good faith by the Settling Parties, and reflects a settlement that was reached voluntarily after consultation with competent legal counsel.  The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum that the Litigation was brought or defended in bad faith or without a reasonable basis.  It is agreed that no Party shall have any liability to any other Party as it relates to the Litigation, except as set forth herein.

      11.4   Neither the Settlement Agreement, nor the settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the settlement (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of any of the Released Persons; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.   Any of the Released Persons may file the Settlement Agreement and/or the Judgment in any action that may be brought against them or any of them in order to support a defense or counterclaim based on principles of *res judicata,* collateral estoppel, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11.5     The Settlement Agreement may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

11.6     The exhibits to this Settlement Agreement and any exhibits thereto are a material part of the Settlement and are incorporated and made a part of the Agreement.

11.7     This Settlement Agreement, including all exhibits hereto, contains the entire understanding between Defendant and Plaintiffs regarding the payment of the Litigation settlement and supersedes all previous negotiations, agreements, commitments, understandings, and writings between Defendant and Plaintiffs in connection with the payment of the Litigation settlement.  Except as otherwise provided herein, each party shall bear its own costs.  This Settlement Agreement supersedes all previous agreements made between Defendant and Plaintiffs.

11.8     Proposed Settlement Class Counsel, on behalf of the Settlement Class, are expressly authorized by Representative Plaintiffs to take all appropriate actions required or permitted to be taken by the Settlement Class pursuant to the Settlement Agreement to effectuate its terms, and also are expressly authorized to enter into any modifications or amendments to the Settlement Agreement on behalf of the Settlement Class which they deem appropriate in order to carry out the spirit of this Settlement Agreement and to ensure fairness to the Settlement Class.

48

11.9     Each counsel or other Person executing the Settlement Agreement on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

11.10   The Settlement Agreement may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of original executed counterparts shall be filed with the Court.

11.11   The Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

11.12   The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Settlement Agreement, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Settlement Agreement.  The Court shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Agreement that cannot be resolved by negotiation and agreement by counsel for the Parties.  The Court shall retain jurisdiction with respect to the administration, consummation and enforcement of the Agreement and shall retain jurisdiction for the purpose of enforcing all terms of the Agreement.  The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice and the Claims Administrator.  As part of its agreement to render services in connection with this

49

Settlement, the Claims Administrator shall consent to the jurisdiction of the Court for this purpose.

11.13   As used herein, "he" means "he, she, they, or it;" "his" means "his, hers, theirs, or its," and "him" means "him, her, them, or it."

11.14   The Settlement Agreement shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the State of Michigan, and the rights and obligations of the parties to the Settlement Agreement shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Michigan.

11.15   All dollar amounts are in United States dollars (USD).

11.16   If a Settlement Class Member opts to receive settlement benefits via mailed check, cashing the settlement check is a condition precedent to any Settlement Class Member's right to receive settlement benefits.  All settlement checks shall be void ninety (90) days after issuance and shall bear the language: "This check must be cashed within ninety (90) days, after which time it is void."  If a check becomes void, the Settlement Class Member shall have until six months after the Effective Date to request re-issuance.  If no request for re-issuance is made within this period, the Settlement Class Member will have failed to meet a condition precedent to recovery of settlement benefits, the Settlement Class Member's right to receive monetary relief shall be extinguished, and there shall be no obligation to

make payments to the Settlement Class Member for expense reimbursement under ¶ 2.5 or any other type of monetary relief.  The same provisions shall apply to any re-issued check.  For any checks that are issued or re-issued for any reason more than one hundred eighty (180) days after the Effective Date, requests for re-issuance need not be honored after such checks become void.

11.17  All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Settlement Agreement.

IN WITNESS WHEREOF, the parties hereto have caused the Settlement Agreement to be executed, by their duly authorized attorneys.

Proposed Settlement Class Counsel

Counsel for Morley Companies, Inc. and
Duly Authorized Signatory

DATED this 24th day of August, 2022

DATED this 24th day of August, 2022

**CHESTNUT CAMBRONNE PA**

**BAKER & HOSTETLER LLP**

By: */s/Bryan L. Bleichner*
Bryan L. Bleichner
bbleichner@chestnutcambronne.com
Jeffrey D. Bores
jbores@chestnutcambronne.com
Christopher P. Renz
crenz@chestnutcambronne.com
100 Washington Avenue South
Suite 1700
Minneapolis, MN 55401
Telephone: (612) 339-7300

By: */s/ Matthew D. Pearson*
Matthew D. Pearson
mpearson@bakerlaw.com
600 Anton Blvd., Suite 900
Costa Mesa, CA 92626
Telephone:  714.966.8882

Casie D. Collignon
ccollignon@bakerlaw.com
1801 California Street, Suite 4400
Denver, CO  80202
Telephone:  303.861.0600

Nathan D. Prosser
nprosser@hjlawfirm.com
**HELLMUTH & JOHNSON PLLC**
8050 West 78th Street
Edina, MN 55439
Telephone: (952) 941-4005

James A. Sherer (P71791)
jsherer@bakerlaw.com
45 Rockefeller Plaza
New York, NY 10111
Telephone:  212.589.4200

Gary M. Klinger
gklinger@milberg.com
**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Telephone: (202) 429-2290

Jonathan E. Lauderbach (P51313)
jlauderbach@wnj.com
**WARNER NORCROSS & JUDD
LLP**
715 E. Main Street, Suite 110
Midland, MI 48640
Telephone:  989.698.3701
Michael G. Brady (P57331)

David K. Lietz
dlietz@milberg.com
**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC**

**WARNER NORCROSS & JUDD
LLP**
2715 Woodware Avenue, Suite 300

52

5101 Wisconsin Ave. NW, Suite 305
Washington, D.C. 20016
Telephone: (202) 429-2290

**THE MILLER LAW FIRM, P.C.**
Sharon S. Almonrode (P33938)
ssa@millerlawpc.com
E. Powell Miller (P39487)
epm@millerlawpc.com
950 West University Drive
Rochester, MI 48307
Telephone: (248) 841-2200

Rachele R. Byrd
byrd@whafh.com
Oana Constantin
constantin@whafh.com
**WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP**
750 B Street, Suite 1820
San Diego, CA 92101
Telephone: (619) 239-4599

M. Anderson Berry
aberry@justice4you.com
Gregory Haroutunian
gharoutunian@justice4you.com
**CLAYEO C. ARNOLD,
PROFESSIONAL LAW CORP.**
865 Howe Avenue
Sacramento, CA 95825
Telephone: (916) 239-4778

Charles R. Ash, IV (P73877)
cash@nationalwagelaw.com
**NATIONAL WAGE AND HOUR
LAW**
402 W. Liberty St.
Ann Arbor, MI 48103

Detroit, MI 48201
Telephone:  313.546.6032
mbrady@wnj.com

*Attorneys for Defendant*

53

Telephone: (734) 234-5583

Terence R. Coates
tcoates@msdlegal.com
**MARKOVITS, STOCK &**
**DEMARCO, LLC**
3825 Edwards Road, Suite 650
Cincinnati, OH 45209
Telephone: (513) 651-3700

Joseph M. Lyon
jlyon@thelyonfirm.com
**THE LYON FIRM**
2754 Erie Avenue
Cincinnati, OH 45208
Telephone: (513) 381-2333

Jean S. Martin
jeanmartin@forthepeople.com
Francesca Kester
fkester@forthepeople.com
**MORGAN & MORGAN**
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 559-4908

Michael Hanna (P81462)
mhanna@forthepeople.com
**MORGAN & MORGAN**
2000 Town Center, Suite 1900
Southfield, MI 48075
Telephone: (313) 739-1950

William B. Federman
wbf@federmanlaw.com
**FEDERMAN & SHERWOOD**
10205 N. Pennsylvania Ave.
Oklahoma City, OK 73120
Telephone: (405) 235-1560

54

A. Brooke Murphy
abm@murphylegalfirm.com
**MURPHY LAW FIRM**
4116 Will Rogers Pkwy, Suite 700
Oklahoma City, OK 73108
Telephone: (405) 389-4989

Nicholas A. Migliaccio
Jason S. Rathod
**MIGLIACCIO & RATHOD LLP**
412 h. Street NE, Ste. 302
Washington, D.C. 20002
Telephone: (202) 470-3520
nmigliaccio@classlawdc.com
jrathod@classlawdc.com

*Attorneys for Plaintiffs*

# EXHIBIT A

Postcard Notice

<u>Front of Postcard:</u>

Morley Claims Administrator
PO Box XXXX
Portland, OR 972XX-XXXX

# If you were notified of a Data Incident involving Morley on or about August 1, 2021, you may be entitled to benefits from a settlement.

<u>Back of Postcard:</u>

A class action settlement has been reached in a lawsuit against Morley Companies, Inc. ("Morley"), arising out of an August 1, 2021, Data Incident that potentially resulted in the exposure of your Private Information. **To submit a claim, please visit www.MorleySettlement.com.**

**You are receiving this notice because you may be a Settlement Class Member**.  Under the terms of the Settlement, you may be able to recover the following:

**Out-of-Pocket Expenses:**  Settlement Class Members who submit a valid and timely Claim Form are eligible to receive reimbursement of up to $2,500 for certain documented Out-of-Pocket Expenses that are reasonably traceable to the Data Incident.

**Lost Time Claims:** A cash payment for up to four hours for time spent dealing with the Data Incident (at $20 per hour) if you attest on your Claim Form that the lost time was spent as a result of the Data Incident.

**California Statutory Payment:** If you were a resident of California at the time of the Data Incident, you can receive $75 in compensation.  No documentation is required to be submitted with your claim to receive this benefit.

**Credit Monitoring:** All Settlement Class Members who did not previously claim credit and identity monitoring provided by IDX will be provided a new offer and activation code valid for 90 days to claim 3-bureau credit monitoring for a three-year period from Month DD, 2022, the Effective Date of the Settlement.  All Settlement Class Members who previously claimed credit and identity monitoring provided by IDX are entitled to a minimum three-year extension of the term of their IDX monitoring.

**Password Managing Service:**  Upon filing a Claim, Settlement Class Members will be sent activation codes valid for 90 days to enroll in Password Managing Service.

The easiest way to submit a Claim is online at www.MorleySettlement.com using your Unique ID found on the front of this postcard. To be eligible, you must complete and submit a valid Claim Form, postmarked or submitted online on or before **MONTH DAY, 20XX**.  You can also exclude yourself or object to the Settlement on or before **MONTH DAY, 20XX**.  If you do not exclude yourself from the Settlement, you will remain a Class Member and will give up the right to sue Morley for the claims

resolved by the Settlement. **A summary of your rights under the Settlement and instructions regarding how to submit a Claim Form, exclude yourself, or object are available at www.MorleySettlement.com.**

The Court will hold a Final Fairness Hearing on **MONTH DAY, 20XX**.  At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate.  The Court will also listen to people who have asked to speak at the Hearing. You may attend the Hearing at your own expense, or you may also pay your own lawyer to attend, but it is not necessary.

This Notice is a summary.  The Settlement Agreement and more information about the lawsuit and Settlement are available at www.MorleySettlement.com or by calling toll-free 1-XXX-XXX-XXXX.

# EXHIBIT B

# If you were notified of a Data Incident involving Morley on or about August 1, 2021, you may be entitled to benefits from a settlement.

*A federal court has authorized this Notice. This is <u>not</u> a solicitation from a lawyer.*

- A settlement has been reached in a class action lawsuit against Morley Companies, Inc. ("Morley" or "Defendant") regarding a ransomware-type malware attack on Morley's network and computer systems, that potentially resulted in unauthorized access to Private Information (Social Security numbers, names, addresses, dates of birth, driver's license numbers, client identification numbers, medical diagnostic and treatment information, and health insurance information) of Settlement Class Members (the "Data Incident").

- You are a "Settlement Class Member" if you were mailed a notice letter notifying you that your Private Information was potentially compromised in the Data Incident that occurred on or about August 1, 2021.

- Settlement Class Members may be able to recover the following Settlement benefits:

  **Claimed Benefits:** All Settlement Class Members can submit a Claim Form for one or more of the following:

  1. **Out-of-Pocket-Expenses Claims:** Reimbursement of up to $2,500 for certain documented Out-of-Pocked Expenses related to the Data Incident;

  2. **Lost-Time Claims:** A cash payment for up to four (4) hours of time spent because of the Data Incident, calculated at $20 per hour;

  3. **California Claims:** A $75 cash payment for all Settlement Class Members who were a resident of California at the time of the Data Incident;

  4. **Credit Monitoring:** Settlement Class Members who did not previously claim credit and identity monitoring provided by IDX will be provided an offer to claim three (3) years of 3-bureau credit monitoring from Month DD, 2022, the Effective Date of the Settlement; and

  5. **Password Managing Services:** Settlement Class Members will have the opportunity to enroll in one (1) year of Kroll's "Dashlane" Password Managing Services (or a similar product).

**Automatic Benefits:** All Settlement Class Members who previously claimed credit and identity monitoring provided by IDX are entitled to a minimum 3 (three) year extension of the term of their IDX monitoring. You do <u>not</u> need to submit a Claim Form to receive this benefit.

**This Notice may affect your rights. Please read it carefully.**

| Your Legal Rights and Options | | Deadline |
|---|---|---|
| **SUBMIT A CLAIM FORM** | To get Settlement benefits for Out-of-Pocket Expenses, Lost-Time, California Claims, Credit Monitoring, and/or Password Managing Services you must submit a Claim Form. You do <u>not</u> need to submit a Claim Form to receive Automatic Benefits. | **MONTH DD, 2022** |
| **EXCLUDE YOURSELF** | Get no Settlement benefits. Keep your right to file your own lawsuit against the Defendant about the legal claims in this case. | **MONTH DD, 2022** |
| **OBJECT** | Tell the Court why you do not like the Settlement. You will still be bound by the Settlement if the Court approves it. | **MONTH DD, 2022** |
| **DO NOTHING** | Get no Settlement benefits. Be bound by the Settlement. | |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

- The Court in charge of this case must still decide whether to approve the Settlement and the requested attorneys' fees and costs. No Settlement benefits or payments will be provided unless the Court approves the Settlement and it becomes final.

**Questions? Go to www.MorleySettleme.com or call 1-xxx-xxx-xxxx**

**BASIC INFORMATION**.............................................................................................**PAGE X**

    1.  Why is this Notice being provided?
    2.  What is this lawsuit about?
    3.  Why is the lawsuit a class action?
    4.  Why is there a Settlement?

**WHO IS INCLUDED IN THE SETTLEMENT?** ..................................................**PAGE X**

    5.  How do I know if I am part of the Settlement?
    6.  Are there exceptions to being included in the Settlement?
    7.  What if I am still not sure whether I am part of the Settlement?

**THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY**..................................**PAGE X**

    8.  What does the Settlement provide?
    9.  What may cause Settlement benefits to increase or decrease?
    10. How do I submit a claim for reimbursement of Out-of-Pocket Expenses, Lost-Time, payment for residents of California, Credit Monitoring, and/or Password Managing Services?
    11. What am I giving up to receive Settlement benefits or stay in the Settlement Class?
    12. What are the Released Claims?

**HOW TO GET BENEFITS FROM THE SETTLEMENT**......................................................**PAGE X**

    13. How do I make a claim for Settlement benefits?
    14. What happens if my contact information changes after I submit a claim?
    15. When will I receive my Settlement benefits?

**THE LAWYERS REPRESENTING YOU** ...........................................................................**PAGE X**

    16. Do I have a lawyer in this case?
    17. How will Class Counsel be paid?

**OPTING OUT FROM THE SETTLEMENT** ......................................................................**PAGE X**

    18. How do I get out of the Settlement?
    19. If I opt out, can I get anything from the Settlement?
    20. If I do not opt out, can I sue the Defendant for the same thing later?

**OBJECTING TO THE SETTLEMENT**.............................................................................**PAGE X**

    21. How do I tell the Court that I do not like the Settlement?
    22. What is the difference between objecting and asking to opt out?

**THE FINAL FAIRNESS HEARING** .................................................................................**PAGE X**

    23. When and where will the Court decide whether to approve the Settlement?
    24. Do I have to attend the Final Fairness Hearing?
    25. May I speak at the Final Fairness Hearing?

**IF YOU DO NOTHING** ..............................................................................................**PAGE X**

    26. What happens if I do nothing at all?

**GETTING MORE INFORMATION**................................................................................**PAGE X**

    27. How do I get more information?

# BASIC INFORMATION

## 1. Why is this Notice being provided?

A federal court authorized this Notice because you have the right to know about the proposed Settlement of this class action lawsuit and about all of your rights and options before the Court decides whether to grant final approval to the Settlement. This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for the benefits, and how to get them.

The Honorable Thomas L. Ludington and Magistrate Patricia T. Morris of the United States District Court of the Eastern District of Michigan are overseeing this class action. The case is known as *Thomsen, et al. v. Morley Cos., Inc.*, Case No. 1:22-cv-10271-TLL-PTM (E.D. Mich.) (the "Litigation"). The people who filed this lawsuit are called the "Plaintiffs" or "Representative Plaintiffs" and the company sued, Morley Companies, Inc., is called "Morley" or the "Defendant."

## 2. What is this lawsuit about?

The Plaintiffs allege that on or about August 1, 2021, an unauthorized user launched a ransomware-type malware attack on Morley's network and computer systems, which potentially resulted in unauthorized access to the Private Information (Social Security numbers, names, addresses, dates of birth, driver's license numbers, client identification numbers, medical diagnostic and treatment information, and health insurance information) of Settlement Class Members.

The Defendant denies any wrongdoing, and no court or other entity has made any judgment or other determination of any wrongdoing, or that any law has been violated. The Defendant denies these and all other claims made in the Litigation. By entering into the Settlement, the Defendant is not admitting any wrongdoing.

## 3. Why is the lawsuit a class action?

In a class action, Representative Plaintiffs sue on behalf of all people who have similar claims. Together, all these people are called a Settlement Class or Settlement Class Members. One court resolves the issues for all Settlement Class Members, except for those Settlement Class Members who timely exclude themselves (opt out) from the Settlement Class.

The Representative Plaintiffs in this case are Christine Thomsen, Donna Miller, Shelbi Farrington, Dianna Kometh, Sally Labree, Harry Peterson, Patrick Burnham, David Teverbaugh, Richard Journagin, Gale Marie Jackson, Edward Cable, Carole Dangelo, Sophia Marks, Albert Shearer, and Rebecca Younk.

## 4. Why is there a Settlement?

Plaintiffs and the Defendant do not agree about the claims made in this Litigation. The Litigation has not gone to trial, and the Court has not decided in favor of the Plaintiffs or the Defendant. Instead, Plaintiffs and the Defendant have agreed to settle the Litigation. Plaintiffs and the attorneys for the Settlement Class ("Class Counsel") believe the Settlement is best for all Settlement Class Members because of the Settlement benefits and the risks and uncertainty associated with continued litigation and the nature of the defenses raised by the Defendant.

**Questions? Go to www.MorleySettlement.com or call 1-xxx-xxx-xxxx**

3

# WHO IS INCLUDED IN THE SETTLEMENT?

| **5.  How do I know if I am part of the Settlement?** |
|---|

You are a Settlement Class Member if you were mailed a notice letter notifying you that your Private Information was potentially compromised in the Data Incident that occurred on or about August 1, 2021.

| **6.  Are there exceptions to being included in the Settlement?** |
|---|

Yes. Excluded from the Settlement Class are (1) Defendant and its respective officers and directors; (2) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (3) the Judge assigned to evaluate the fairness of the settlement; and (4) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, abiding or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contendere* (a legal term that means "I do not wish to contend") to any such charge.

| **7.  What if I am still not sure whether I am part of the Settlement?** |
|---|

If you are still not sure whether you are a Settlement Class Member, you may go to the settlement website at www.MorleySettlement.com or call the Claims Administrator's toll-free number at 1-xxx-xxx-xxx.

# THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY

| **8.  What does the Settlement provide?** |
|---|

If you are a Settlement Class Member, you may be able to recover the following Claimed Benefits and Automatic Benefit as part of the Settlement:

**CLAIMED BENEFITS:**

All Settlement Class Members must submit a valid and timely Claim Form to receive any or all of the following Claimed Benefits:

**1. Out-of-Pocket Expense Claims**

Settlement Class Members who submit a valid and timely Claim Form are eligible to receive reimbursement of up to $2,500 per Settlement Class Member for their documented Out-of-Pocket Expenses that are reasonably traceable to the Data Incident.

These Out-of-Pocket Expenses include:

(1) Unreimbursed losses relating to fraud or identity theft;
(2) Professional fees including attorneys' and accountants' fees, and fees for credit repair services;
(3) Costs associated with freezing or unfreezing credit with any credit reporting agency;
(4) Credit monitoring costs that were incurred on or after August 1, 2021, that you attest were caused or otherwise incurred as a result of the Data Incident; and
(5) Miscellaneous expenses such as notary, data charges (if charged based on the amount of data used) fax, postage, copying, mileage, cell phone charges (only if charged by the minute), and long-distance telephone charges.

You must submit documentation of the Out-of-Pocket Expenses as part of your Out-of-Pocket Expense Claim. This may include receipts or other documentation and may not be "self-prepared." "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but may be considered to add clarity or support to other submitted documentation.

## 2. Lost Time Claims

If you are a Settlement Class Members and you file a valid and timely Claim Form, you are eligible to receive payment for up to four (4) hours of time spent dealing with the Data Incident (calculated at the rate of $20 per hour) if you attest on your Claim Form that the lost time claimed was spent as a result of the Data Incident.

## 3. California Claims

If you are a Settlement Class Member and you were a resident of California at the time of the Data Incident, you are eligible to receive $75.00 if you file a valid and timely Claim Form. No documentation is required to be submitted with your claim to receive this benefit.

## 4. Credit Monitoring

All Settlement Class Members who did not previously claim credit and identity monitoring provided by IDX will be provided a new offer and activation code valid for 90 (ninety) days to claim 3-bureau credit monitoring for a three (year) period from the Month DD, 2022, the Effective Date of the Settlement.

## 5. Password Managing Service

Upon filing a Claim, Settlement Class Members will be sent activation codes valid for 90 (ninety) days to enroll in 1 (one) year of Kroll's "Dashlane" Password Managing Services (or a similar product).

**AUTOMATIC BENEFITS:**

All Settlement Class Members who previously claimed credit and identity monitoring provided by IDX are entitled to a minimum 3 (three) year extension of the term of their IDX monitoring. You do not need to submit a Claim Form to receive this benefit.

| 9. What may cause Settlement benefits to increase or decrease? |
| --- |

If any funds remain in the Settlement Fund after payment of all Settlement benefits, claims administration fees, attorneys' fees, costs, and service awards, the remaining funds will be used to extend Credit Monitoring to Settlement Class Members who have enrolled in Credit Monitoring as part of the Settlement. Any additional remaining funds will be used for a *pro rata* (a legal term that means equal share) increase of Lost-Time Claims, up to a maximum of $160 per Settlement Class Member who filed a Lost-Time Claim.

If the Net Settlement Fund is insufficient to cover the payment for the credit monitoring services claimed by Settlement Class Members or automatically awarded, the duration of the credit monitoring will be reduced to exhaust the Settlement Fund and no Settlement Funds will be distributed to Claimants for Approved Claims for Out-of-Pocket Loss Payments, Lost Time Payments, or California Statutory Payments.

If the combined amount of all Out-of-Pocket Loss Payments, Lost Time Payments, California Statutory Payments, payments for Credit Monitoring, and payments for Password Monitoring Services exceeds the total amount of the Settlement Fund, then the value of the Out-of-Pocket Loss Payments to be paid to each Settlement Class Member with a Valid Claim will be reduced on a *pro rata* basis (equal share). The combined value of all payments for Out-of-Pocket Loss, Lost Time, California Statutory awards, Credit Monitoring, and Password Monitoring Services will not exceed

**Questions? Go to www.MorleySettlement.com or call 1-xxx-xxx-xxxx**

5

the Settlement Fund (after payment of all Settlement Administration Costs and Expenses, Attorneys' Fees, Expenses, and Service Awards).

**10. How do I submit a claim for reimbursement of Out-of-Pocket Expenses, Lost-Time, the payment for residents of California, Credit Monitoring, and/or Password Managing Services?**

Settlement Class Members seeking reimbursement for Out-of-Pocket Expense Claims, Lost-Time Claims, payment for California Claims, and/or Password Managing Services must complete and submit a Claim Form to the Claims Administrator by **Month Day, 2022**. Claim Forms can be submitted online at www.MorleySettlement.com or by mail. If by mail, the Claim Form must be **postmarked** by **Month Day, 2022**.

**11. What am I giving up to receive Settlement benefits or stay in the Settlement Class?**

Unless you exclude yourself (opt out), you are choosing to remain in the Settlement Class. If the Settlement is approved and becomes final, all Court orders will apply to you and legally bind you. You will not be able to sue, continue to sue, or be part of any other lawsuit against the Defendant and Released Persons about the legal issues in this Litigation that are released by this Settlement. The specific rights you are giving up are called "Released Claims."

**12. What are the Released Claims?**

The Settlement Agreement in Section 6 describes the Releases, in necessary legal terminology, so please read this section carefully. The Settlement Agreement is available at www.MorleySettlement.com or in the public Court records on file in this lawsuit. For questions regarding the Releases or Released Claims and what the language in the Settlement Agreement means, you can also contact one of the lawyers listed in Question 15 for free, or you can talk to your own lawyer at your own expense.

## HOW TO GET BENEFITS FROM THE SETTLEMENT

**13. How do I make a claim for Settlement benefits?**

To submit a claim for reimbursement for an Out-of-Pocket Expense Claim, Lost-Time Claim, payment for a California Claim, and/or Password Managing Services you must timely submit a valid Claim Form. Settlement Class Members seeking benefits under the Settlement must complete and submit a Claim Form to the Claims Administrator, postmarked or submitted online on or before **Month Day, 2022**. Claim Forms may be submitted online at www.MorleySettlement.com or printed from the settlement website and mailed to the Claims Administrator at the address on the form. The quickest way to submit a claim is online. Claim Forms are also available by calling 1-xxx-xxx-xxx or by writing to:

Morley Claims Administrator
PO Box xxxx
Portland, OR 972xx-xxxx

You do <u>not</u> need to submit a Claim Form to receive the Automatic Benefit of Credit Monitoring.

**14. What happens if my contact information changes after I submit a claim?**

Questions? Go to www.MorleySettlement.com or call 1-xxx-xxx-xxxx

6

If you change your mailing address or email address after you submit a Claim Form, it is your responsibility to inform the Claims Administrator of your updated information. You may notify the Claims Administrator of any changes by calling 1-xxx-xxx-xxxx or by writing to:

Morley Claims Administrator<br>
PO Box xxxx<br>
Portland, OR 972xx-xxxx

## 15.  When will I receive my Settlement benefits?

If you file a timely and valid Claim Form, payment will be provided by the Claims Administrator after the Settlement is approved by the Court and becomes final.

It may take time for the Settlement to be approved and become final. Please be patient and check www.MorleySettlement.com for updates.

# THE LAWYERS REPRESENTING YOU

## 16.  Do I have a lawyer in this case?

Yes, the Court has appointed Bryan L. Bleichner of Chestnut Cambronne PA as Class Counsel to represent you and the Settlement Class for the purposes of this Settlement. You may hire your own lawyer at your own cost and expense if you want someone other than Class Counsel to represent you in this Litigation.

## 17.  How will Class Counsel be paid?

Class Counsel will file a motion asking the Court to award attorneys' fees and costs not to exceed 33% of the Settlement Fund, or approximately $1,419,000. They will also ask the Court to approve service awards for up to $1,500 to each of the 15 Representative Plaintiffs for participating in this Litigation and for their efforts in achieving the Settlement. If awarded by the Court, attorneys' fees and costs and the service awards will be paid out of the Settlement Fund. The Court may award less than these amounts.

Class Counsel's application for attorneys' fees, costs, and service awards will be made available on the settlement website at www.MorleySettlement.com before the deadline for you to comment or object to the Settlement.

# OPTING OUT FROM THE SETTLEMENT

If you are a Settlement Class Member and want to keep any right you may have to sue or continue to sue the Defendant on your own based on the claims raised in this Litigation or released by the Released Claims, then you must take steps to get out of the Settlement. This is called excluding yourself from or "opting out" of the Settlement.

## 18. How do I get out of the Settlement?

To opt out of the Settlement, you must mail a written notice of intent to opt out. The written notice must be signed, include your name and address, and clearly state that you wish to be excluded from the Settlement Class.

The opt out request must be **postmarked** and sent to the Claims Administrator at the following address by **Month Day, 2022**:

**Questions? Go to www.MorleySettlement.com or call 1-xxx-xxx-xxxx**

7

Morley Claims Administrator
Exclusions
PO Box xxxx
Portland, OR 972xx-xxxx

You cannot exclude yourself by telephone or by email.

**19. If I opt out, can I get anything from the Settlement?**

No. If you opt out, you are telling the Court you do not want to be part of the Settlement. You can only get Settlement benefits if you stay in the Settlement.

**20. If I do not opt out, can I sue the Defendant for the same thing later?**

No. Unless you opt out, you give up any right to sue the Defendant and Released Persons and their Related Entities for the claims this Settlement resolves and Releases relating to the Data Incident. You must opt out of this Litigation to start or continue with your own lawsuit or be part of any other lawsuit against the Defendant, the Related Entities, or any of the Released Persons. If you have a pending lawsuit, speak to your lawyer in that case immediately.

## OBJECTING TO THE SETTLEMENT

**21. How do I tell the Court that I do not like the Settlement?**

If you are a Settlement Class Member, you can tell the Court you do not agree with all or any part of the Settlement or requested attorneys' fees and costs. You can also give reasons why you think the Court should not approve the Settlement or attorneys' fees and costs. To object, you must file timely written notice as provided below no later than **Month Day, 2022**, stating you object to the Settlement. The objection must include all the following additional information:

(1) Your full name and address;

(2) The case name and docket number, *Thomsen, et al. v. Morley Cos., Inc.*, Case No. 1:22-cv-10271-TLL-PTM (E.D. Mich.);

(3) Information identifying you as a Settlement Class Member, including proof that you are a member of the Settlement Class (e.g., copy of your settlement notice, copy of original notice of the Data Incident, or a statement explaining why you believe you are a Settlement Class Member);

(4) A written statement of all reasons for the objection, accompanied by any legal support for the objection you believe is applicable;

(5) The identity of any and all counsel representing you in connection with the objection;

(6) A statement whether you and/or your counsel will appear at the Final Fairness Hearing; and

(7) Your signature or the signature of your duly authorized attorney or other duly authorized representative (if any) representing you in connection with the objection.

To be timely, written notice of an objection in the appropriate form containing the case name and docket number (*Thomsen, et al. v. Morley Cos., Inc.*, Case No. 1:22-cv-10271-TLL-PTM (E.D. Mich.) must be filed with the Court by **Month DD, 20YY**, with copies to Class Counsel and Counsel for Defendant:

| COURT | CLASS COUNSEL | COUNSEL FOR DEFENDANT |
|---|---|---|
| Hon. Thomas L. Ludington<br>United State District Court<br>Eastern District of Michigan<br>United States Post Office Bldg.<br>1000 Washington Ave.<br>Bay City, MI 48707 | Bryan L. Bleichner<br>CHESTNUT CAMBRONNE, PA<br>100 Washington Avenue South,<br>Suite 1700<br>Minneapolis, MN 55401 | Casie D. Collignon<br>BAKER & HOSTETLER, LLP<br>1801 California Street<br>Suite 4400<br>Denver, CO 80202 |

Any Settlement Class Member who fails to comply with the requirements for objecting in Section 5 of the Settlement Agreement waives and forfeits any and all rights they may have to appear separately and/or to object to the Settlement Agreement and will be bound by all the terms of the Settlement Agreement and by all proceedings, orders and judgments in the Litigation.

## 22. What is the difference between objecting and asking to opt out?

Objecting is simply telling the Court you do not like something about the Settlement or requested attorneys' fees and costs. You can object only if you stay in the Settlement Class (meaning you do not opt out of the Settlement). Opting out of the Settlement is telling the Court you do not want to be part of the Settlement Class or the Settlement. If you opt out, you cannot object to the Settlement.

# THE FINAL FAIRNESS HEARING

## 23. When and where will the Court decide whether to approve the Settlement?

The Court will hold a Final Fairness Hearing on **Month Day, 2022, at X:XX a.m.** before Judge Thomas L. Ludington and Magistrate Patricia T. Morris, at United State District Court, Eastern District of Michigan, United States Post Office Bldg., 1000 Washington Ave., Room 214, Bay City, MI 48708.

At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate and decide whether to approve the Settlement, Class Counsels' application for attorneys' fees, costs and expenses, and the service awards to the Plaintiff. If there are objections, the Court will consider them. The Court will also listen to people who have asked to speak at the hearing.

Note: The date and time of the Final Fairness Hearing are subject to change. The Court may also decide to hold the hearing via Zoom or by phone. Any change will be posted at www.MorleySettlement.com.

## 24. Do I have to attend to the Final Fairness Hearing?

No. Class Counsel will answer any questions the Court may have. However, you are welcome to attend at your own expense. If you send an objection, you do not have to come to Court to speak about it. As long as you file or mail your written objection on time, the Court will consider it.

## 25. May I speak at the Final Fairness Hearing?

Yes, as long as you do not exclude yourself (opt out), you can (but do not have to) participate and speak for yourself in this Litigation and Settlement. This is called making an appearance. You also can have your own lawyer speak for you, but you will have to pay for the lawyer yourself.

If you want to appear, or if you want your own lawyer instead of Class Counsel to speak for you at the hearing, you must follow all of the procedures for objecting to the Settlement listed in Section 20 and specifically include a statement whether you and your counsel will appear at the Final Fairness Hearing.

# IF YOU DO NOTHING

| 26. What happens if I do nothing at all? |
| --- |

If you are a Settlement Class Member and you do nothing, you will not receive any Settlement benefits. You will give up rights explained in the "Opting Out from the Settlement" section of this Notice, including your right to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendant, the Related Entities, or any of the Released Parties about the legal issues in this Litigation that are released by the Settlement Agreement relating to the Data Incident.

# GETTING MORE INFORMATION

| 27. How do I get more information? |
| --- |

This Notice summarizes the proposed Settlement. Complete details are provided in the Settlement Agreement. The Settlement Agreement and other related documents are available at www.MorleySettlement.com, by calling 1-xxx-xxx-xxxx or by writing to:

Morley Claims Administrator
PO Box xxxx
Portland, OR 972xx-xxxx

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT'S CLERK OFFICE REGARDING THIS NOTICE.**

Questions? Go to www.MorleySettlement.com or call 1-xxx-xxx-xxxx

11

# EXHIBIT C

**Must be postmarked
or submitted online
NO LATER THAN
Month Day, 2022**

MORLEY CLAIMS ADMINISTRATOR
PO BOX  XXXX
PORTLAND, OR 972XX-XXXX
WWW.MORLEYSETTLEMENT.COM



8/24/2022 1:56 PM

## Morley Settlement Claim Form

### SETTLEMENT BENEFITS – WHAT YOU MAY GET

If you were mailed a notice letter that your Private Information may have been compromised as a result of Morley's Data Incident occurring on or about August 1, 2021, then you are a Settlement Class Member.

**The easiest way to submit a claim is online at www.MorleySettlement.com**, or you can complete and mail this Claim Form to the mailing address above.

<u>**You may submit a claim for one or more of these benefits**</u>:

**Cash Reimbursement**. Use this Claim Form to request money for one or more of the following:

1. **Out-of-Pocket Expense Claims.** By submitting a valid and timely Claim Form, you are eligible to receive reimbursement of up to $2,500 for your documented Out-of-Pocket Expenses that are reasonably traceable to the Data Incident.

2. **Lost Time Claims.** You can be reimbursed for up to 4 hours of time, calculated at $20 per hour, by attesting to the time was spent as a result of the Data Incident and providing a brief description of the actions taken in response to the Data Incident.

3. **California Statutory Payment.** If you are able to confirm you were a resident of California at the time of the Data Incident, you are eligible to receive $75 in statutory compensation.

4. **Credit Monitoring.** By submitting a valid and timely Claim Form, if you did not previously claim the IDX credit and identity monitoring services you can be provided 3-bureau credit monitoring for a period of three years.

5. **Password Managing Services.** By submitting a valid and timely Claim Form, class members can enroll in one-year of Kroll's "Dashlane" password managing services (or similar product).

**Claims must be submitted online or mailed by [DATE]. Use the address at the top of this form for mailed claims.**

*Please note: the Claims Administrator may contact you to request additional documents to process your claim.*

For more information on the Settlement benefits, what documents you need to attach, how the Claims Administrator will decide whether to approve your payments, and for complete instructions visit
**www.MorleySettlement.com**

**Settlement benefits will be distributed only after the Settlement is approved by the Court.**

## Your Information

*We will use this information to contact you and process your claim. It will not be used for any other purpose. If any of the following information changes, you must promptly notify us by emailing XXX@XXXXX.com.*

| | |
|---|---|
| **1. NAME:** | First ☐☐☐☐☐☐☐☐☐☐   Middle Initial ☐   Last ☐☐☐☐☐☐☐☐☐☐☐☐☐☐ |
| **2. MAILING ADDRESS:** | Street Address ☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐ |
| | Apt. No. ☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐ |
| | City ☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐ |
| | State ☐☐ |
| | Zip ☐☐☐☐☐ - ☐☐☐☐ |
| **3. PHONE NUMBER:** | ☐☐☐ - ☐☐☐ - ☐☐☐☐ |
| **4. EMAIL ADDRESS:** | ☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐ |
| **5. UNIQUE ID:** (located on the notice mailed to you) | ☐☐☐☐☐☐☐☐ |

## Cash Payment: Out-of-Pocket Expense Claims

You can receive reimbursement for up to $2,500 for documented Out-of-Pocket Expenses incurred as a result of the Data Incident.

You must submit documentation supporting your Out-of-Pocket Expense Claim and the costs incurred.  This may include receipts or other documentation and may not be "self-prepared." "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but may be considered to add clarity or support to other submitted documentation.

| Expense Types and Examples of Documents | Approximate Amount of Expense and Date | Description of Expense or Money Spent and Supporting Documents (Identify what you are attaching, and why it's related to the Data Incident) |
|---|---|---|
| Unreimbursed losses relating to fraud or identity theft | $ <br><br> Date: | _____<br>_____<br>_____<br>_____<br>_____<br>_____ |
| Professional fees including attorneys' and accountants' fees, and fees for credit repair services | $ <br><br> Date: | _____<br>_____<br>_____<br>_____<br>_____ |
| Costs associated with freezing or unfreezing credit with any credit reporting agency | $ <br><br> Date: | _____<br>_____<br>_____<br>_____<br>_____<br>_____<br>_____ |
| Credit monitoring costs that were incurred on or after August 1, 2021, through the date of claim submission | $ <br><br> Date: | _____<br>_____<br>_____<br>_____ |
| Miscellaneous expenses such as notary, data charges (if charged based on the amount of data used), fax, postage, copying, mileage, cell phone charges (only if charged by the minute), and long-distance telephone charges | $ <br><br> Date: | _____<br>_____<br>_____<br>_____<br>_____<br>_____<br>_____ |

## Cash Payment: Lost Time

You may receive reimbursement for up to 4 hours of lost time compensated at $20 per hour by providing a brief description of the actions you took and signing the attestation at the end of this Claim Form.

**State the number of hours that were spent as a result of the Data Incident (up to four):**

☐ **By checking this box, I certify that any claimed lost time was spent related to the Data Incident.**

## California Claims

If you can confirm that you were a California resident at the time of the Data Incident, you are eligible to receive $75 dollars in statutory compensation.

☐ I confirm under penalty of perjury I had a California mailing address at the time of the Data Incident.

## Credit Monitoring Services

You may be eligible to receive three years of free, credit monitoring at all three national credit reporting agencies if you did not previously claim credit and identity monitoring through IDX.

*If you wish to receive Credit Monitoring Services, please check the box below.*

☐ Credit Monitoring: I want to receive free, three-bureau credit monitoring for three years.

*If you select this option, you will be sent instructions and an activation code after the Settlement is final to your email address or home address. This benefit can be selected in addition to any other benefit to which the class member may be entitled on this form.*

## Password Managing Services

You may be eligible to receive one-year of Kroll's "Dashlane" password managing services (or similar product).

*If you wish to receive Password Managing Services, please check the box below.*

☐ Password Management: I want to receive free, password management services for one year.

*If you select this option, you will be sent instructions and an activation code after the Settlement is final to your email address or home address. This benefit can be selected in addition to any other benefit to which the class member may be entitled on this form.*

## How You Would Like to Receive Your Cash Payment

If you made a claim for a cash payment in this Claim Form, you could elect to receive your payment either by check or as a digital payment (you could receive payment as an ACH direct deposit, prepaid debit card, or gift card using instructions which will be emailed to you). Checks must be cashed within 90 days.

Which do you prefer?

☐ Check mailed to me

☐ Digital payment instructions emailed to the email address I provided on page 2

## Signature

I affirm under the laws of the United States that the information supplied in this Claim Form is true and correct to the best of my knowledge and that any documents that I have submitted in support of my claim are true and correct copies of original documentation.

I understand that I may be asked to provide more information by the Claims Administrator before my claim is complete.

| Signature: | Dated: |
| --- | --- |
| | |

| Print Name: |
| --- |
| |

# EXHIBIT D

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN
### NORTHERN DIVISION

| | | |
|---|---|---|
| Christine Thomsen, Donna Miller, Shelbi Farrington, Dianna Kometh, Sally Labree, Harry Peterson, Patrick Burnham, David Teverbaugh, Richard Journagin, Gale Marie Jackson, Edward Cable, Carole Dangelo, Sophia Marks, Albert Shearer, and Rebecca Younk, on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) ) ) ) ) ) | Case No. 1:22-cv-10271-TLL-PTM<br><br>Hon. Thomas L. Ludington<br>Hon. Patricia T. Morris |
| Plaintiffs, | ) | **CLASS ACTION** |
| v. | ) ) | |
| Morley Companies, Inc., | ) ) | |
| Defendant. | ) | |

_____

### [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND PROVIDING NOTICE

This case is before the Court on Plaintiffs Christine Thomsen's, Donna Miller's, Shelbi Farrington's, Dianna Kometh's, Sally Labree's, Harry Peterson's, Patrick Burnham's, David Teverbaugh's, Richard Journagin's, Gale Marie Jackson's, Edward Cable's, Carole Dangelo's, Sophia Marks', Albert Shearer's, and Rebecca Younk's (collectively, "Plaintiffs") Unopposed Motion for Preliminary

1

Approval of the Class Action Settlement (the "Motion"). The Court, having considered the Motion, the supporting brief, the Parties' Settlement Agreement dated August 24, 2022 (the "Settlement Agreement"), attached hereto as Exhibit 1; the proposed Long Notice, Short Notice, and Claim Form (attached as Exhibits A, B, and C, respectively, to the Settlement Agreement); the pleadings and other papers filed in this Action; and the statements of counsel and the Parties, and for good cause shown.

**IT IS HEREBY ORDERED** as follows:

<u>Preliminary Approval of Settlement Agreement</u>

1.      Unless otherwise defined herein, all terms that are capitalized herein shall have the meanings ascribed to those terms in the Settlement Agreement.

2.      This Court has jurisdiction over the Litigation, Plaintiffs, all Settlement Class Members, Defendant Morley Companies, Inc. ("Morley" or "Defendant"), and any party to any agreement that is part of or related to the Settlement.

3.      The Court finds that the proposed Settlement set forth in the Settlement Agreement is sufficiently fair, reasonable and adequate such that it is hereby preliminarily approved and notice of the settlement should be provided to the Settlement Class Members and that a hearing shall be held as set forth below.

<u>Class Certification</u>

4.     Solely for purposes of the Settlement, the Court conditionally certifies the following class pursuant to Fed. R. Civ. P. 23(a) and (b)(3) ("Settlement Class"):

> All natural persons residing in the United States who were sent notice letters notifying them that their Private Information was compromised in the Data Incident announced by Defendant on or about August 1, 2021.

5.     Excluded from the Settlement Class are: (i) Defendant and its respective officers and directors; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) the Judge assigned to evaluate the fairness of this settlement; and (iv) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contendere* to any such charge.

6.     Subject to final approval of the Settlement, the Court finds and concludes for settlement purposes only that the prerequisites to a class action, set forth in Fed. R. Civ. P. 23(a) and (b), are satisfied in that:

> a.     the Settlement Class is so numerous that joinder of all members is impracticable;
>
> b.     there are questions of law or fact common to the Settlement Class;

3

    c.     Plaintiffs and Class Counsel (as defined below) fairly and adequately represent the Settlement Class;

    d.     the claims of Plaintiffs are typical of those of Settlement Class Members;

    e.     common issues predominate over any individual issues affecting the members of the Settlement Class;

    f.     Plaintiffs fairly and adequately protect and represent the interests of all members of the Settlement Class, and Plaintiffs' interests are aligned with the interests of all other members of the Settlement Class; and

    g.     settlement of the Litigation on a class-action basis is superior to other means of resolving this matter.

7.    The Court appoints Bryan L. Bleichner of CHESTNUT CAMBRONNE PA as Settlement Class Counsel, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

8.    The Court hereby appoints Plaintiffs Christine Thomsen, Donna Miller, Shelbi Farrington, Dianna Kometh, Sally Labree, Harry Peterson, Patrick Burnham, David Teverbaugh, Richard Journagin, Gale Marie Jackson, Edward Cable, Carole

Dangelo, Sophia Marks, Albert Shearer, and Rebecca Younk as the Class

Representatives for settlement purposes only on behalf of the Settlement Class.

<u>Notice to Settlement Class Members</u>

9.      Pursuant to Federal Rule of Civil Procedure 23(e), the Court approves

the Long Notice and the Short Notice (the "Settlement Notices"), attached as

Exhibits A and B, respectively, to the Settlement Agreement and attached to this

Order as Exhibit 1, and finds that the dissemination of the Settlement Notices

substantially in the manner and form set forth in §§ 3.1-3.3 of the Settlement

Agreement attached as Exhibit 1 to this Order complies fully with the requirements

of the Federal Rule of Civil Procedure 23 and due process of law, and is the best

notice practicable under the circumstances.

10.      The Court further approves the Claim Form, substantially similar to

Exhibit C to the Settlement Agreement attached as Exhibit 1 to this Order, which

will be available both on the Settlement Website and by request.

11.      The notice procedures described above are hereby found to be the best

means of providing notice under the circumstances and, when completed, shall

constitute due and sufficient notice of the proposed Settlement Agreement and the

Final Approval Hearing to all persons affected by and/or entitled to participate in the

Settlement Agreement, in full compliance with the notice requirements of Rule 23

of the Federal Rules of Civil Procedure and due process of law.

5

12.     The Court hereby orders that, within fourteen (14) days of entry of this Order, Morley shall provide to the Claims Administrator the contact information of Settlement Class Members, including names and physical addresses, that is currently in Morley's possession.

13.     No later than thirty (30) days from the date of this Order preliminarily approving the Settlement ("Notice Commencement Date"), Class Counsel shall cause the Claims Administrator to send via U.S. mail the Short Notice to each Settlement Class member and shall cause to be published the Long Notice, thereby making it available to the rest of the Settlement Class as stated in the proposed Notice Plan.

14.     Contemporaneously with seeking Final Approval of the Settlement, Class Counsel and Morley shall cause to be filed with the Court an appropriate affidavit or declaration from the Claims Administrator with respect to complying with the Notice Plan.

15.     All costs incurred in disseminating and otherwise in connection with the Settlement Notices shall be paid from the Settlement Fund.

16.     The Settlement Notices and Claim Form satisfy the requirements of due process and of Rule 23(e) of the Federal Rules of Civil Procedure and thus are approved for dissemination to the Settlement Class. The Claim Form shall be made

available to the Settlement Class as set forth on the Notice Plan and shall be made available to any potential Class Member that requests one.

<u>Responses by Settlement Class Members and the
Scheduling of the Final Approval Hearing</u>

17.    Settlement Class Members may opt-out or object up to sixty (60) days from the Notice Commencement Date (the "Opt-Out Deadline").

18.    Any member of the Settlement Class who or that wishes to be excluded ("opt out") from the Settlement Class must send a written request to the designated Post Office Box established by the Claims Administrator postmarked on or before the Opt-Out Deadline. Members of the Settlement Class may not opt-out of the Settlement by submitting requests to opt-out as a group or class, but must in each instance individually and personally sign and submit an opt-out request. All Settlement Class Members that opt-out of the Settlement will not be eligible to receive any benefits under the Settlement, will not be bound by any further orders or judgments entered for or against the Settlement Class, and will preserve their ability to independently pursue any claims they may have against Morley.

19.    Any member of the Settlement Class who does not properly and timely opt-out of the Settlement shall, upon entry of the Order and Final Judgment, be bound by all the terms and provisions of the Settlement Agreement and Release, whether or not such Settlement Class Member objected to the Settlement and

7

whether or not such Settlement Class Member received consideration under the Settlement Agreement.

20.    The Court adopts the following schedule for the remaining events in this case, which ensures that the appropriate state and federal officials are served with the notification required by the Class Action Fairness Act:

| Event | Date |
|---|---|
| Morley provides CAFA Notice required by 28 U.S.C. § 1715(b) | Within 10 days after the filing of this Motion |
| Morley to provide contact information for Settlement Class Members | Within 14 days after entry of Preliminary Approval Order |
| Notice Program commences | Within 30 days after entry of Preliminary Approval Order |
| Notice Program concludes | Within 45 days after entry of Preliminary Approval Order |
| Compliance with CAFA Waiting Period under 28 U.S.C. § 1715(d) | 90 days after the appropriate governmental officials are served with CAFA Notice |
| Postmark deadline for Request for Exclusion (Opt-Out) or Objections | 60 days after commencement of Notice Program |
| Deadline to file Plaintiffs' Motion for Final Approval of the Settlement Agreement and Motion for Attorneys' Fees, Expenses, and Service Awards | No later than 14 days prior to the Final Fairness Hearing |
| Postmark / Filing Deadline for Filing Claims | 90 days after commencement of the Notice Program |

| Deadline for Plaintiffs to file any Response to Objections or Supplement to Motion for Final Approval | No later than 7 days prior to the Final Fairness Hearing |
|---|---|
| Deadline for Claims Administrator to File or Cause to be Filed, if Necessary, a Supplemental Declaration with the Court | At least 5 days prior to the Final Fairness Hearing |
| Final Approval Hearing | To be set by the Court and held at the United States District Court for the Eastern District of Michigan, United States Post Office Building, 1000 Washington Ave., Bay City, MI 48708, in Courtroom ___ – ___ Floor and/or by virtual attendance, details of which to be provided before the Final Approval Hearing on the Settlement Website. |

21.    A hearing on the Settlement (the "Final Approval Hearing") shall be held before this Court on a date set by the Court.

22.    At the Final Approval Hearing, the Court will consider (a) the fairness, reasonableness, and adequacy of the proposed class Settlement and whether the Settlement should be granted final approval by the Court; (b) dismissal with prejudice of the Litigation; (c) entry of an order including the Release; (d) entry of the Final Approval Order; and (e) entry of final judgment in this Litigation. Class Counsel's application for award of attorney's fees and costs, and request for the

Court to award a service award to the named Plaintiffs, shall also be heard at the time of the hearing.

23.    The date and time of the Final Approval Hearing shall be subject to adjournment by the Court without further notice to the members of the Settlement Class, other than that which may be posted by the Court. Should the Court adjourn the date for the Final Approval Hearing, that shall not alter the deadlines for mailing and publication of notice, the Opt-Out deadline, or the deadlines for submissions of settlement objections, claims, and notices of intention to appear at the Final Approval Hearing unless those dates are explicitly changed by subsequent Order. The Court may also decide to hold the hearing via zoom or telephonically. Instructions on how to appear at the Final Approval Hearing will be posted on the Settlement Website.

24.    Any person or entity who or which does not elect to be excluded from the Settlement Class may, but need not, enter an appearance through its own attorney. Settlement Class Members that do not timely object or opt out and that do not have an attorney enter an appearance on their behalf will be represented by Class Counsel.

25.    Any person or entity who or which does not elect to be excluded from the Settlement Class may object to the proposed Settlement. Any Settlement Class Member may object to, among other things, (a) the proposed Settlement, (b) entry

10

of Final Approval Order and the judgment approving the Settlement, (c) Class

Counsel's application for fees and expenses, or (d) the service award request, by

mailing a written objection, with a postmark date no later than the Objection Date,

to Class Counsel and Morley's counsel. The Settlement Class Member making the

objection (the "Objector") or his or her counsel may also file an objection with the

Court through the Court's Electronic Court Filing ("ECF") system, with service on

Class Counsel and Morley's Counsel made through the ECF system. For all

objections mailed to Class Counsel and counsel for Morley, Class Counsel will file

them with the Court with the Motion for Final Approval of the Settlement.

26.     The Objector's objection must be either (1) filed with the Court no later

than sixty (60) days after the Notice Commencement Date or (2) mailed to Class

Counsel and Morley's counsel, with a postmark date of no later than sixty (60) days

after the Notice Commencement Date. To be valid, the objection must include: (i)

the Objector's full name and address; (ii) the case name and docket number,

*Thomsen, et al. v. Morley Cos., Inc.*, Case No. 1:22-cv-10271-TLL-PTM (E.D.

Mich.); (iii) information identifying the Objector as a Settlement Class Member,

including proof that the Objector is a member of the Settlement Class (e.g., copy of

the Objector's settlement notice, copy of original notice of the Data Incident, or a

statement explaining why the Objector believes he or she is a Settlement Class

Member); (iv) a written statement of all grounds for the objection, accompanied by

11

any legal support for the objection the Objector believes applicable; (v) the identity of any and all counsel representing the Objector in connection with the objection; (vi) a statement whether the Objector and/or his or her counsel will appear at the Final Fairness Hearing; and (vii) the Objector's signature or the signature of the Objector's duly authorized attorney or other duly authorized representative (if any) representing him or her in connection with the objection.

27.     Only Settlement Class Members that have filed and served valid and timely notices of objection shall be entitled to be heard at the Final Approval Hearing. Any Settlement Class Member who does not timely file and serve an objection in writing in accordance with the procedure set forth in the Class Notice and mandated in this Order shall be deemed to have waived any objection to (a) the Settlement; (b) the Release; (c) entry of Final Approval Order or any judgment; (d) Class Counsel's application for fees, costs, and expenses; and/or (e) the service award request for the named Plaintiffs, whether by appeal, collateral attack, or otherwise.

28.     Settlement Class Members need not appear at the hearing or take any other action to indicate their approval of the Settlement.

29.     Upon entry of the Order and Final Judgment, all members of the Settlement Class that have not personally and timely requested to be excluded from

the Settlement Class will be enjoined from proceeding against Morley with respect to all of the Released Claims.

30.     Morley shall cause to be prepared and sent all notices that are required by the Class Action Fairness Act of 2005 ("CAFA") as specified in 28 U.S.C. § 1715. The costs associated with providing notice under CAFA shall be paid from the Settlement Fund.

31.     Class Counsel and counsel for Morley shall cooperate promptly and fully in the preparation of such notices, including providing Morley with any and all information in its possession necessary for the preparation of these notices. Morley shall provide, or cause to be provided, courtesy copies of the notices to Class Counsel for the purpose of implementing the settlement. Morley shall provide notice to Class Counsel of compliance with the CAFA requirements within ten (10) days of providing notice to Attorneys General under CAFA.

<u>Administration of the Settlement</u>

32.     The Court hereby appoints the claims administrator proposed by the parties, Epiq Class Action & Claims Solutions, Inc. and/or its affiliate Hillsoft Notifications (together, "Claims Administrator"). Responsibilities of the Claims Administrator shall include: (a) establishing a post office box for purposes of communicating with Settlement Class Members; (b) disseminating notice to the Class; (c) developing a website to enable Settlement Class Members to access

13

documents; (d) accepting and maintaining documents sent from Settlement Class Members relating to claims administration; and (e) distributing settlement checks to Settlement Class Members. Pursuant to the Settlement Agreement, the Claims Administrator and costs of administration shall be paid from the Settlement Fund.

33.    In the event the Settlement Agreement and the proposed Settlement are terminated in accordance with the applicable provisions of the Settlement Agreement—the Settlement Agreement, the proposed Settlement, and all related proceedings shall, except as expressly provided to the contrary in the Settlement Agreement, become null and void, shall have no further force and effect, and Settlement Class Members shall retain all of their current rights to assert any and all claims against Morley and any other Released Entity, and Morley and any other Released Entities shall retain any and all of their current defenses and arguments thereto (including but not limited to arguments that the requirements of Fed. R. Civ. P. 23(a) and (b)(3) are not satisfied for purposes of continued litigation). The Litigation shall thereupon revert forthwith to its respective procedural and substantive status prior to the date of execution of the Settlement Agreement and shall proceed as if the Settlement Agreement and all other related orders and papers had not been executed.

34.    Neither this Order nor the Settlement Agreement nor any other settlement-related document nor anything contained herein or therein or

14

contemplated hereby or thereby nor any proceedings undertaken in accordance with the terms set forth in the Settlement Agreement or herein or in any other settlement-related document, shall constitute, be construed as or be deemed to be evidence of or an admission or concession by Morley as to the validity of any claim that has been or could have been asserted against it or as to any liability by it as to any matter set forth in this Order, or as to the propriety of class certification for any purposes other than for purposes of the current proposed Settlement.

**IT IS SO ORDERED.**


Dated: _____         _____
                                       The Honorable Thomas L. Ludington
                                       United States District Court Judge