## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

| | |
|---|---|
| Christine Thomsen, Donna Miller, Shelbi Farrington, Dianna Kometh, Sally Labree, Harry Peterson, Patrick Burnham, David Teverbaugh, Richard Journagin, Gale Marie Jackson, Edward Cable, Carole Dangelo, Sophia Marks, Albert Shearer, and Rebecca Younk, on behalf of themselves and all others similarly situated, | Case No. 1:22-cv-10271-TLL-PTM<br>Hon. Thomas L. Ludington<br>Hon. Patricia T. Morris |
|       Plaintiffs, | |
|   v. | |
| Morley Companies, Inc. | |
|       Defendant. | |

## PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Pursuant to Federal Rule of Civil Procedure 23(e)(2) ("Rule 23"), Plaintiffs, individually and on behalf of all others similarly situated, hereby move this Court for final approval of the class action Settlement[1] that this Court preliminarily approved on November 4, 2022 (ECF No. 28):

---

[1]    Unless otherwise indicated, capitalized terms used in this Motion have the same meanings as in the Class Action Settlement Agreement and Release (the "Settlement Agreement"). ECF No. 26-2.

Plaintiffs respectfully request this Court:

1.   Grant final certification of the Settlement Class for settlement purposes pursuant to Rule 23(a) and (b)(3);

2.   Finally appoint Plaintiffs Christine Thomsen, Donna Miller, Shelbi Farrington, Diana Kometh, Sally Labree, Harry Peterson, Patrick Burnham, David Teverbaugh, Richard Journagin, Gale Marie Jackson, Edward Cable, Carole Dangelo, Sophia Marks, Albert Shearer, and Rebecca Younk as Class Representatives;

3.   Finally appoint Bryan L. Bleichner of Chestnut Cambrone, P.A. as Class Counsel;

4.   Find that the Notice met the requirements of Rule 23(c)(2)(B);

5.   Find that the terms of the Settlement Agreement are fair, reasonable, and adequate and are approved, adopted, and incorporated by the Court;

6.   Direct the Parties, their respective attorneys, and the Claims and Settlement Administrator to consummate the Settlement in accordance with the [Proposed] Final Judgment Approving Class Action Settlement ("[Proposed] Final Judgment") and terms of the Settlement Agreement; and

7.   Resolve all claims as to all Parties and Class Members in this action and issue the [Proposed] Final Judgment.

This Motion is based on: (1) this Motion; (2) the Supporting Memorandum filed herewith ("Memorandum"); (3) the Declaration of Cameron R. Azari. Esq. [of Epiq Class Action and Claims Solutions, Inc.] on Implementation and Adequacy of Notice Plan and Notices, attached as Exhibit 1 to the Memorandum; (4) the Declaration of Bryan L. Bleichner in Support of Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement, attached as Exhibit 2 to the Memorandum; (5); the Settlement Agreement and accompanying Exhibits (ECF No. 26-2); (6) Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement, Supporting Memorandum, and Supporting Declarations (ECF Nos. 26, 26-3, and 26-4); (7) all other pleadings and papers on file in this action; and (8) any oral argument that may be heard by this Court at or prior to the Final Approval Hearing currently scheduled for April 19, 2023 at 2:00 p.m.

The undersigned counsel certifies that counsel communicated with opposing counsel, via email on February 28 and March 1, 2023, explaining the nature of the relief to be sought by way of this motion and seeking concurrence in the relief; Defendant's counsel does not oppose this motion and the relief requested herein.

For the reasons set forth in Plaintiffs' Brief in Support of his Unopposed Motion for Final Approval of Class Action Settlement, Plaintiffs respectfully request that the Court grant final approval to the Class Action Settlement and enter final judgment.

3

Respectfully Submitted:

March 1, 2022

**THE MILLER LAW FIRM, P.C.**
By: */s/ Sharon S. Almonrode*
Sharon S. Almonrode (P33938)
ssa@millerlawpc.com
E. Powell Miller (P39487)
epm@millerlawpc.com
950 West University Drive
Rochester, MI 48307
Telephone: (248) 841-2200

Bryan L. Bleichner
bbleichner@chestnutcambronne.com
Jeffrey D. Bores
jbores@chestnutcambronne.com
Christopher P. Renz
crenz@chestnutcambronne.com
**CHESTNUT CAMBRONNE PA**
100 Washington Avenue South,
Suite 1700
Minneapolis, MN 55401
Telephone: (612) 339-7300

Nathan D. Prosser
nprosser@hjlawfirm.com
**HELLMUTH & JOHNSON PLLC**
8050 West 78th Street
Edina, MN 55439
Telephone: (952) 941-4005

Gary M. Klinger
gklinger@milberg.com
**MILBERG COLEMAN BRYSON**
**PHILLIPS GROSSMAN, PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Telephone: (202) 429-2290

David K. Lietz
dlietz@milberg.com
**MILBERG COLEMAN BRYSON**
**PHILLIPS GROSSMAN, PLLC**
5335 Wisconsin Ave. NW, Suite 440
Washington, D.C. 20015
Telephone: (202) 744-1795

Rachele R. Byrd
byrd@whafh.com
Oana Constantin
constantin@whafh.com
**WOLF HALDENSTEIN ADLER**
**FREEMAN & HERZ LLP**
750 B Street, Suite 1820
San Diego, CA 92101
Telephone: (619) 239-4599

M. Anderson Berry
aberry@justice4you.com
Gregory Haroutunian
gharoutunian@justice4you.com
**CLAYEO C. ARNOLD,**
**PROFESSIONAL LAW CORP.**
865 Howe Avenue
Sacramento, CA 95825
Telephone: (916) 239-4778

Charles R. Ash, IV (P73877)
crash@nationalwagelaw.com
**NATIONAL WAGE AND HOUR**
**LAW, ASH PLLC**
402 W. Liberty St.
Ann Arbor, MI 48103-4388
Telephone: (734) 234-5583

Terence R. Coates
tcoates@msdlegal.com
**MARKOVITS, STOCK &**
**DEMARCO, LLC**

3825 Edwards Road, Suite 650
Cincinnati, OH 45209
119 E. Court St., Suite 530
Cincinnati, OH 45202
Telephone: (513) 651-3700

Joseph M. Lyon
jlyon@thelyonfirm.com
**THE LYON FIRM**
2754 Erie Avenue
Cincinnati, OH 45208
Telephone: (513) 381-2333

Jean S. Martin
jeanmartin@forthepeople.com
Francesca Kester
fkester@forthepeople.com
**MORGAN & MORGAN
COMPLEX LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 559-4908

Michael Hanna (P81462)
mhanna@forthepeople.com
**MORGAN & MORGAN**
2000 Town Center, Suite 1900
Southfield, MI 48075
Telephone: (313) 739-1950

William B. Federman
wbf@federmanlaw.com
**FEDERMAN & SHERWOOD**
10205 N. Pennsylvania Ave.
Oklahoma City, OK 73120
Telephone: (405) 235-1560

A. Brooke Murphy
abm@murphylegalfirm.com
**MURPHY LAW FIRM**

4116 Will Rogers Pkwy, Suite 700
Oklahoma City, OK 73108
Telephone: (405) 389-4989

Nicholas A. Migliaccio
Jason S. Rathod
**MIGLIACCIO & RATHOD LLP**
412 H. Street NE, Ste. 302
Washington, D.C. 20002
Tel: (202) 470-3520
nmiglaccio@classlawdc.com
jrathod@classlawdc.com

*Attorneys for Plaintiffs and Putative Class*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

Christine Thomsen, Donna Miller, Shelbi Farrington, Dianna Kometh, Sally Labree, Harry Peterson, Patrick Burnham, David Teverbaugh, Richard Journagin, Gale Marie Jackson, Edward Cable, Carole Dangelo, Sophia Marks, Albert Shearer, and Rebecca Younk, on behalf of themselves and all others similarly situated,

      Plaintiffs,

  v.

Morley Companies, Inc.,

      Defendant.

Case No. 1:22-cv-10271-TLL-PTM
Hon. Thomas L. Ludington
Hon. Patricia T. Morris

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

## STATEMENT OF ISSUES PRESENTED

1.      Whether this Court should find that notice to the Settlement Class satisfies the requirements of Due Process and Federal Rule of Civil Procedure 23, when direct notice—detailing the terms of the Settlement Agreement and individual options for objecting, opting-out, or automatically receiving payment—was transmitted via email and postcard and reached approximately 95.6% of the Class.

**Plaintiffs' Answer: Yes.**

2.      Whether the Court should grant final approval of the Settlement Agreement, finding it fair, reasonable, and adequate, when it delivers meaningful monetary relief to the Settlement Class?

**Plaintiffs' Answer: Yes.**

**CONTROLLING AND MOST APPROPRIATE AUTHORITIES**

Fed. R. Civ. P. 23

*Eisen v. Carlisle & Jacquelin*,
    417 U.S. 156 (1974)

*In re Cardizem CD Antitrust Litig.*,
    218 F.R.D. 508 (E.D. Mich. 2003)

*Leonhardt v. ArvinMeritor, Inc.*,
    581 F. Supp. 2d 818 (E.D. Mich. 2008)

*UAW v. Gen. Motors Corp.*,
    2006 WL 891151 (E.D. Mich. Mar. 31, 2006)

*UAW v. Gen. Motors Corp.*,
    497 F.3d 615 (6th Cir. 2007)

*Williams v. Vukovich*,
    720 F.2d 909 (6th Cir. 1983)

Fed. Judicial Ctr., Judges' Class Action Notice and Claims Process
    Checklist and Plain Language Guide (2010)

# TABLE OF CONTENTS

Statement of Issues Presented .................................................................i

Controlling and Most Appropriate Authorities....................................... ii

Table of Authorities ...............................................................................v

I.   Introduction...................................................................................1

II.  Summary of Litigation...................................................................3

     A.   Data Breach .........................................................................3
     B.   Plaintiffs' Allegations..........................................................4
     C.   The Litigation History and Settlement Discussions..............5

III. The Settlement Terms ...................................................................6

     A.   Class Definition ...................................................................6
     B.   The Settlement Fund ............................................................6
     C.   Release.................................................................................8
     D.   Notice and Administration Expenses ....................................8
     E.   Service Awards and Attorneys' Fees and Expenses ..............9

IV.  The Notice Plan Comports with Due Process .................................9

V.   The Settlement Warrants Final Approval......................................12

     A.   Rule 23(e)(2) Factors Weigh in Favor of Final Approval .................13
     B.   The Sixth Circuit's *UAW* Factors Weigh in Favor of Final
          Approval.............................................................................14

          1.   There Is No Risk of Fraud or Collusion (*UAW* Factor 1).........14
          2.   Litigation Through Trial Would be Complex, Costly, and Long
               (*UAW* Factor 2)........................................................14
          3.   Discovery Has Advanced Far Enough to Allow the Parties to
               Resolve the Case Responsibly (*UAW* Factor 3) .......................16
          4.   Plaintiff Would Face Real Risks if the Case Proceeded (*UAW*
               Factor 4) ..................................................................16

5.    Class Counsel and Class Representative Support the Settlement (*UAW* Factor 5) ........................................................................17

6.    The Reaction of Absent Class Members is uniformly Positive (*UAW* Factor 6) ........................................................................18

7.    The Settlement Serves the Public Interest (*UAW* Factor 7) ......18

VI.    Conclusion ........................................................................19

# TABLE OF AUTHORITIES

Cases

*Dick v. Sprint Commc'ns Co. L.P.*, 297 F.R.D. 283 (W.D. Ky. 2014)....................10

*Eisen v. Carlisle & Jacquelin*, 417 U.S. 156 (1974) ...........................................9, 19

*Fidel v. Farley*, 534 F.3d 508 (6th Cir. 2008) .........................................................10

*Gascho v. Glob. Fitness Holdings, LLC*, 822 F.3d 269 (6th Cir. 2016)..................10

*Halliday v. Weltman, Weinber & Reis Co., L.P.A.*, 2013 WL 692856 (E.D. Mich. Feb. 26, 2013) ........................................................................................................12

*Hanlon v. Chrysler*, 150 F.3d 1011 (9th Cir. 1998) ...............................................18

*In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508 (E.D. Mich. 2003)................18

*In re Countrywide Fin. Corp. Customer Data Sec. Breach Litig.*, 2009 WL 5184352 (W.D. Ky. Dec. 22, 2009).......................................................................10

*Jackson v. Morley Companies, Inc.*, No. 2:22-cv-10469 (E.D. Mich.)................2, 5

*Journagin v. Morley Companies, Inc.*, No. 1:22-cv-10443 (E.D. Mich.) .............2, 5

*Kometh v. Morley Companies, Inc.*, No. 1:22-cv-10311 (E.D. Mich.) .................2, 5

*Leonhardt v. ArvinMeritor, Inc.*, 581 F. Supp. 2d 818 (E.D. Mich. 2008) ...... 12, 14

*Massiah v. MetroPlus Health Plan, Inc.*, 2012 WL 5874655 (E.D.N.Y. Nov. 20, 2012) ........................................................................................................................18

*Miller v. Morley Companies, Inc.*, No. 1:22-cv-10284 (E.D. Mich.)...................2, 5

*Olden v. Gardner*, 294 F. App'x 210 (6th Cir. 2008)..............................................18

*Sheick v. Auto. Component Carrier, LLC*, 2010 WL 3070130 (E.D. Mich. Aug. 2, 2010) ........................................................................................................................14

*Teverbaugh v. Morley Companies, Inc.*, No. 1:22-cv-10321 (E.D. Mich.)...........2, 5

*Thomsen* .......................................................................................................................5

*UAW v. Gen. Motors Corp.*, 2006 WL 891151 (E.D. Mich. Mar. 31, 2006)9, 14, 17

*UAW v. Gen. Motors Corp.*, 497 F.3d 615 (6th Cir. 2007) ............................. passim

*Williams v. Vukovich*, 720 F.2d 909 (6th Cir. 1983) ..............................................12

Rules

Fed. R. Civ. P. 12(b)(6)..............................................................................................15

Fed. R. Civ. P. 23(c)(2)(B) ....................................................................................9, 10

Fed. R. Civ. P. 23(e)...................................................................................................12

Fed. R. Civ. P. 23(e)(2)..............................................................................................12

Fed. R. Civ. P. 23(f) .............................................................................................15, 17

Fed. R. Civ. P. 12(b)(1)..............................................................................................15

## I.     INTRODUCTION

On November 4, 2022, this Court preliminarily approved the class action settlement between Plaintiffs Christine Thomsen, Donna Miller, Shelbi Farrington, Diana Kometh, Sally Labree, Harry Peterson, Patrick Burnham, David Teverbaugh, Richard Journagin, and Gale Marie Jackson ("Plaintiffs"), individually and on behalf of all others similarly situated, and Defendant Morley Companies, Inc. ("Morley" or "Defendant"). *See* Order Granting Preliminary Approval, ECF No. 28. Settlement administrator Epiq Class Action & Claims Solutions ("Epiq") has implemented the Court-approved notice plan and direct notice has reached approximately 95.6% of the certified Settlement Class. *See* Declaration of Cameron R. Azari on Implementation and Adequacy of Notice Plan and Notices attached as **Exhibit 1**, ¶ 8. The reaction from the Class has been overwhelmingly positive, which is not surprising given the strengths of the Settlement. Specifically, of the 671,065 class members who received notice[1], only one has objected[2] and twenty-eight (28) have requested exclusion. Ex. 1, ¶ 23. The Settlement is an excellent result for the Class and the Court should grant final approval.

---

[1]     After receiving the class list, Epiq deduplicated names and addresses and determined there were approximately 701,280 unique Class Members. *See* Ex. 1, ¶¶ 10-11, 16. Epiq was able to serve notice of the settlement on 95.6% or approximately 671,065 Class Members. *Id.*, ¶ 16.

[2]     Plaintiffs will respond to this objection in due course, by April 5, 2022. *See* ECF No. 28, PageID.2063 (Schedule adopted by the Court in Preliminary Approval Order, setting deadline for any response to an objection).

This case arises from a data security incident (the "Data Incident") experienced by Defendant that took place on or about August 1, 2021 involving the potential unauthorized access of Personally Identifiable Information ("PII") of approximately 701,280 individuals. *See* Declaration of Bryan L. Bleichner in support of Plaintiffs' Unopposed Motion for Final Approval ("Bleichner Decl."), ¶ 11 attached as **Exhibit 2**. Plaintiff Christine Thomsen initiated this action against Morley by filing a Complaint on behalf of herself and a class of all others similarly situated on February 10, 2022. *See* ECF No. 1. Subsequently, Plaintiffs Donna Miller, Shelbi Farrington, Diana Kometh, Sally Labree, Harry Peterson, Patrick Burnham, David Teverbaugh, Richard Journagin, and Gale Marie Jackson filed additional cases against Defendant.[3] Plaintiff Thomsen and the other Plaintiffs coordinated amongst themselves and worked together to file the Second Amended Class Action Complaint ("SAC") on May 26, 2022. *See* ECF No. 16. After the filing of the original Complaint here, and while additional cases were being filed against Defendant alleging the same or very similar facts, the Parties met and conferred to discuss possible early resolution of this dispute. Ex. 2, ¶ 9. To this end, the Parties engaged in informal discovery, exchanging voluminous documents and other

---

[3]     *See Miller v. Morley Companies, Inc.*, No. 1:22-cv-10284 (E.D. Mich.); *Kometh v. Morley Companies, Inc.*, No. 1:22-cv-10311 (E.D. Mich.); *Teverbaugh v. Morley Companies, Inc.*, No. 1:22-cv-10321 (E.D. Mich.); *Journagin v. Morley Companies, Inc.*, No. 1:22-cv-10443 (E.D. Mich.); *Jackson v. Morley Companies, Inc.*, No. 2:22-cv-10469 (E.D. Mich.).

2

information, and set a mediation for April 20, 2022 with highly qualified and renowned mediator Bennett G. Picker of Stradley Ronon Stevens & Young, LLP. *Id.*, ¶¶ 9-14, 22, 23, 25. After a contested, full-day mediation and numerous follow-up communications, the Parties were able to resolve the case and now ask the Court to approve the settlement obtained. *Id.*, ¶¶ 13, 15, 25, 27. As detailed below, the Settlement is an excellent result: it creates a $4,300,000 non-reversionary Settlement Fund for the entire Rule 23 Class, which will be used as the exclusive source of payment to Class Members, for costs of Claims Administration and Notice, and for any Attorneys' Fees and Expenses Award and any Class Representative service awards (the "Settlement"). ECF No. 26-2, S.A., § 1.29.

## II.    SUMMARY OF LITIGATION

### A. Data Breach

Defendant experienced a massive Data Incident that occurred on or about August 1, 2021. ECF No. 16, SAC, ¶ 1. An unauthorized user was able to access the PII of 701,280 individuals, including current and former employees, on Defendant's network and computer systems via a ransomware-type malware. Ex. 2, ¶ 2. As a result of the Data Incident, the unauthorized user gained access to Plaintiffs' and Class Members' PII, including, but not limited to, Social Security numbers ("SSNs"), names, addresses, dates of birth ("DOBs"), driver's license numbers, client identification numbers, medical diagnostic and treatment information, and

health insurance information. ECF No. 26-2, S.A. at pp. 2-3. The SAC alleges

Defendant discovered that the Data Incident involved PII on or around January 18,

2022 (ECF No. 16, ¶ 44) and sent notice to Class Members on or around February

1, 2022.[4]

### B. Plaintiffs' Allegations

The SAC alleges that Plaintiffs' and Class Members' PII was compromised

due to Defendant's negligent and/or careless acts and omissions and its failure to

protect its employees', former employees', and customers' Private Information.

SAC, ¶¶ 266-280, ECF No. 16. Plaintiffs allege that they and similarly situated

Class Members have suffered injury as a result of Defendant's conduct, including:

(i) lost or diminished value of their PII; (ii) out-of-pocket expenses associated with

prevention, detection, and recovery from identity theft, tax fraud, and/or

unauthorized use of their PII; (iii) lost opportunity costs associated with attempting

to mitigate the actual consequences of the Data Incident; and (iv) the continued risk

to their PII, which Plaintiffs allege (a) may remain available on the dark web for

individuals to access and abuse, and (b) remains in Defendant's possession and is

subject to further unauthorized disclosures so long as Defendant fails to undertake

appropriate and adequate measures to protect their Private Information. *Id.*, ¶ 179.

---

[4]     https://apps.web.maine.gov/online/aeviewer/ME/40/9779e52a-a15b-4cde-884e-7b25e4a56b80.shtml (last visited: February 20, 2023).

Plaintiffs seek this recovery through the following causes of action: (1) negligence (*id.*, ¶¶ 266-280); (2) negligence per se (*id.*, ¶¶ 281-288); (3) breach of implied contract (*id.*, ¶¶ 289-301); (4) unjust enrichment (*id.*, ¶¶ 302-312); and (5) declaratory judgment (*id.*, ¶¶ 313-318).

### C. The Litigation History and Settlement Discussions

Plaintiff Thomsen filed the first Data Incident-related lawsuit on February 10, 2022. *See* ECF No. 1. Subsequently, other similar suits were filed and, after coordination, Plaintiffs Miller, Farrington, Kometh, Labree, Peterson, Burnham, Teverbaugh, Journagin, and Jackson voluntarily dismissed their respective complaints without prejudice, and were all added as named Plaintiffs in this case.[5] *See* SAC, ECF No. 16. The Parties agreed to mediation and, prior to the mediation, exchanged discovery under F.R.E. 408, which included details of the Data Incident and class allegations. The April 20, 2022 mediation with Mr. Picker led to a settlement in principle and, shortly thereafter, the Parties reduced it to a Settlement Agreement, which was executed on August 24, 2022. *See* ECF 26-2.

Plaintiffs moved for preliminary approval of the class action settlement on

---

[5]     Counsel in the initial *Thomsen* action conferred with plaintiffs' counsel in similar suits, and it was agreed that those cases would be voluntarily dismissed and then added to this case to work together towards settlement. Exhibit 2, ¶¶ 4-5. *See Miller*, No. 1:22-cv-10284; *Kometh*, No. 1:22-cv-10311; *Teverbaugh*, No. 1:22-cv-10321; *Journagin*, No. 1:22-cv-10443; *Jackson*, No. 2:22-cv-10469 (notices of voluntary dismissal filed Mar. 16, 2022, Mar. 14, 2022, Mar. 17, 2022, Mar. 16, 2022, and Mar. 23, 2022, respectively).

September 6, 2022. ECF No. 26. The Court issued preliminary approval of the class

action settlement on November 4, 2022. ECF No. 28.

## III.    THE SETTLEMENT TERMS

The terms of the Settlement Agreement (or "S.A."), fully-explained in

Plaintiffs' Motion for Preliminary Approval (*see* ECF No. 26, PageID 1680-1686),

are summarized below:

### A.    Class Definition

The Settlement will provide substantial relief for the following Settlement

Class: "[A]ll natural persons residing in the United States who were sent notice

letters notifying them that their Private Information was compromised in the Data

Incident announced by Defendant on or about August 1, 2021." ECF No. 26-2, S.A.,

§ 1.26. The Settlement Class contains approximately 701,280 individuals. Ex. 1, ¶

16.

### B.    The Settlement Fund

Morley has agreed to create a non-reversionary Settlement Fund in the amount

of $4,300,000, which will be used to make payments to Class Members and to pay

the costs of Claims Administration, any Attorneys' Fees and Expenses Award, and

any Class Representative service awards. ECF No. 26-2, S.A., §1.28, S.A. §2.1.

Briefly summarizing, the Settlement Fund allocates compensation for the following:

***Compensation for Unreimbursed Losses***. Class Members may submit a claim for out-of-pocket losses, up to a total of $2,500 per person, upon submission of a claim and supporting documentation. *Id.*, § 2.3(a).

***Compensation for Lost-Time Claims***. Class Members may also submit a claim for time spent remedying issues related to the Data Incident for up to four (4) total hours at a rate of $20 per hour. *Id.*, § 2.3(b).

***Credit Monitoring***. All Class Members are entitled to receive three years of free 3-credit bureau credit monitoring: (1) financial fraud coverage; (2) identity freezing at ten different credit bureaus including the three main credit bureaus; (3) home and property title monitoring; (4) income tax protection; (5) Early Warning Services to provide real-time monitoring of financial accounts; and (6) identity theft insurance of up to $1,000,000 per Class Member. *Id.*, § 2.2.

***Password Managing Service***. Class Members who submit valid and timely claims for Password Managing Services shall also be provided the opportunity to enroll in one-year of Kroll's "Dashlane" password protection services. *Id.*, § 2.3(e).

***California Statutory Damages Payment***. Class Members, who attest, under penalty of perjury, that they were California residents at the time of the Data Incident (i.e., on August 1, 2021) may submit a claim for cash payment of $75 as compensation for their statutory claim(s) under California law. *Id.*, § 2.3(c).

***Residual Funds***. To the extent any remain after payment of all the above-described class benefits, settlement administration fees, attorneys' fees and expenses of litigation, and any service award, residual funds shall be used to extend the credit monitoring terms for all those who make a valid for the service. *Id*., § 2.5.

***Remedial Measures and Security Enhancements***. In addition to the benefits described above, Defendant provided a confidential declaration filed under seal (ECF No. 23, PageID.1231, granting order) identifying remedial measures and data security enhancement implemented to date. *Id*., § 2.6. These changes will benefit Class Members whose information remains in Defendant's possession.

## C.    Release

In exchange for $4,300,000 cash payment, Plaintiffs and the Settlement Class will be deemed to have "completely and unconditionally released, forever discharged and acquitted the Released Persons from any and all of the Released Claims, including Unknown Claim . . . arising out of the alleged access to and/or exfiltration of personal information related to the Data Incident or the allegations, transactions, occurrences, facts, or circumstances alleged in or otherwise described in the Litigation." *See id*., § 6.2; *see also id.*, § 1.23 for full release claim language.

## D.    Notice and Administration Expenses

The Settlement Fund has been and continues to be used to pay the cost of sending the Notice as set forth in the Agreement, CAFA Notice, any other notice as

8

required by the Court, and the costs of administration of the Settlement. *See id.*, §15; *id.*, § 30; and *id.*, § 32.

### E.    Service Awards and Attorneys' Fees and Expenses

In recognition of their efforts on behalf of the Settlement Class, Defendant has agreed that each Plaintiff may receive, subject to court approval, a service award of $1,500 from the Settlement Fund, as appropriate compensation for their time, effort, and leadership serving as class representatives. *Id.*, § 7.3. Defendant has also agreed that the Settlement Fund may also be used to pay Class Counsel reasonable attorneys' fees and to reimburse their expenses in this Action, in an amount to be approved by the Court. *Id.*, § 7.2. These awards are subject to the Court's approval, which Plaintiffs contemporaneously move for separately. *See* ECF No. 32.

## IV.    THE NOTICE PLAN COMPORTS WITH DUE PROCESS

Before final approval can be granted, Due Process and Rule 23 require that the notice provided to the Settlement Class is "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974). Notice "need only be reasonably calculated . . . to apprise interested parties of the pendency of the settlement proposed and to afford them an opportunity to present their objections." *UAW v. Gen. Motors Corp.*, 2006 WL 891151, at *33 (E.D. Mich. Mar. 31, 2006) (citation omitted). Notice must

clearly state essential information regarding the settlement, including the nature of the action, terms of the settlement, and class members' options. *See* Fed. R. Civ. P. 23(c)(2)(B); *Dick v. Sprint Commc'ns Co. L.P.*, 297 F.R.D. 283, 292 (W.D. Ky. 2014). At its core, "[a]ll that the notice must do is fairly apprise the prospective members of the class of the terms of the proposed settlement so that class members may come to their own conclusions about whether the settlement serves their interest." *UAW v. Gen. Motors Corp.*, 497 F.3d 615, 630 (6th Cir. 2007) (citation omitted).

That said, Due Process does not require that every class member receive notice, and a notice plan is reasonable if it reaches at least 70% of the class. *Fidel v. Farley*, 534 F.3d 508, 514 (6th Cir. 2008); Fed. Judicial Ctr., Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide 3 (2010); *see also In re Countrywide Fin. Corp. Customer Data Sec. Breach Litig.*, 2009 WL 5184352, at *12 (W.D. Ky. Dec. 22, 2009) (finding notice plan to be "the best notice practicable" where combination of mail and publications notice reached 81.8% of the class); *Gascho v. Glob. Fitness Holdings, LLC*, 822 F.3d 269 (6th Cir. 2016) (finding that notice and claims processes were appropriate where 90.8% of notices were successfully delivered to addresses associated with class members). The notice plan here easily meets—and even surpasses—the standard, as it provided direct notice via a postcard or email to 95.6% of the Settlement Class. Ex. 1, ¶ 8.

At preliminary approval the Court approved the Parties' proposed Notice Plan, finding it met the requirements of Rule 23 and Due Process. ECF No. 28. That plan has now been fully carried out by settlement administrator Epiq. Pursuant to the Settlement, Defendant provided Epiq with a class list of available names, addresses, and emails of potential Settlement Class Members. Ex. 1, ¶ 10. Epiq successfully delivered Court-Approved notice to 95.6% of the Class. *Id*., ¶ 8.[6] On December 6, 2022, a toll-free telephone number was established, which allowed callers to hear an introductory message and have the option to learn more about the Settlement in the form of recorded answers to FAQs, and to request that a Claim Package (Long Form Notice and Claim Form) be mailed to them. *Id*., ¶ 20. On February 21, 2023, Epic sent 664,754 reminder notices, which included a claim form with prepaid postage return. *Id*., ¶ 17. These summary notices also directed Settlement Class Members to the Settlement Website, where they were able to submit a change of address; access important court filings; and see deadlines and answers to frequently asked questions. *Id*., ¶ 18. Epiq, as of March 1, 2023, has received 8,347 claim forms in total. *Id*., ¶ 28.

Given the broad reach of the notice, and comprehensive information provided, the requirements of Due Process and Rule 23 are met.

---

[6]    Epiq also notified the appropriate state and federal officials pursuant to CAFA. *Id*., ¶ 9.

## V.    THE SETTLEMENT WARRANTS FINAL APPROVAL

The Federal Rules of Civil Procedure require judicial approval of class action settlements. *Halliday v. Weltman, Weinber & Reis Co., L.P.A.*, 2013 WL 692856, at *1 (E.D. Mich. Feb. 26, 2013) (citing Fed. R. Civ. P. 23(e)). At final approval, the ultimate issue is whether the settlement is fair, reasonable, and adequate. Fed. R. Civ. P. 23(e)(2); *Williams v. Vukovich*, 720 F.2d 909, 921 (6th Cir. 1983). Courts within the Sixth Circuit recognize a strong "federal policy favoring settlement of class actions." *UAW*, 497 F.3d at 632 (citation omitted); *see also Leonhardt v. ArvinMeritor, Inc.*, 581 F. Supp. 2d 818, 830 (E.D. Mich. 2008).

Rule 23(e)(2) provides factors for the Court to determine if a settlement is "fair, reasonable, and adequate." The Rule 23(e)(2) factors are: (A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed attorney's fee, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(2); and (D) the proposal treats class members equitably relative to each other. Fed. R. Civ. P. 23(e)(2).

12

In addition to these factors, the Sixth Circuit has laid out its own factors to consider. *See UAW*, 497 F.3d at 631. They are: "(1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest." *Id.* As described below, each factor affirms the fairness, reasonableness, and adequacy of the Settlement, and supports final approval.

### A. Rule 23(e)(2) Factors Weigh in Favor of Final Approval

This Settlement easily satisfies the Rule 23(e)(2) factors.

First, as explained above, Plaintiffs and Class Counsel have adequately represented the Class and secured an excellent result. *See supra* § I.

Second, the Settlement was negotiated at arm's-length through a mediation session with highly qualified and renowned mediator Bennett G. Picker, taking place after which the parties had exchanged information sufficient to adequately assess the strengths and weaknesses of the case. *Id.*

Third, the relief provided is clearly adequate when taking into the factors listed in Rule 23. The Settlement provides an extraordinary recovery for the Settlement Class and does so without additional delay and uncertainty of litigation. *Id.*, § III.

## B. The Sixth Circuit's *UAW* Factors Weigh in Favor of Final Approval

### 1.   There Is No Risk of Fraud or Collusion (*UAW* Factor 1)

The first *UAW* factor is "the risk of fraud or collusion." *UAW*, 497 F.3d at 631. "Courts presume the absence of fraud or collusion in class action settlements unless there is evidence to the contrary." *Leonhardt*, 581 F. Supp. 2d at 838. Where, as here, a settlement was reached through arm's-length negotiations through an experienced mediator, there is no evidence of fraud or collusion. *See, e.g.*, *Sheick v. Auto. Component Carrier, LLC*, 2010 WL 3070130, at *13 (E.D. Mich. Aug. 2, 2010) ("[N]egotiations of the Settlement Agreement were conducted at arm's-length by adversarial parties and experienced counsel, which itself is indicative of fairness, reasonableness, and adequacy."). Here, the Settlement was obtained via a full-day mediation with Mr. Picker that was conducted at arms-length after informal discovery. This factor, therefore, strongly supports approval. Ex. 2, ¶¶ 10-14, 22, 23, 25.

### 2.   Litigation Through Trial Would be Complex, Costly, and Long (*UAW* Factor 2)

The second *UAW* factor is "the complexity, expense and likely duration of the litigation." *UAW*, 497 F.3d at 631. Most class actions are inherently risky, and thus "[t]he obvious costs and uncertainty of such lengthy and complex litigation weigh in favor of settlement." *UAW*, 2006 WL 891151 at *17. This case is no exception.

As discussed above, the Parties have engaged in informal discovery, and a private mediation. Ex. 2, ¶¶ 10-14, 22, 23, 25. The next steps in the litigation would include a contested motion to dismiss, and contested motions for class certification and summary judgment, which would be at a minimum costly and time-consuming for the Parties and the Court. *Id*., ¶ 14. Undoubtedly, further litigation would create numerous risks that a litigation class could not be certified and/or that the Settlement Class would not recover nothing at all. *Id*.

Defendant indicated that it would continue to assert numerous defenses on the merits. Class Counsel believes Defendant would have moved to dismiss the case under Rules 12(b)(1) and 12(b)(6) on the basis of lack of standing and failure to state a claim. *Id*. Class Counsel is also aware that Defendant would oppose class certification vigorously, and that Defendant would prepare a competent defense at trial. *Id*. Looking beyond trial, Class Counsel are also aware that Defendant could appeal the merits of any adverse decision, including any class certification under Rule 23(f).

The Settlement, on the other hand, permits a prompt resolution of this action on terms that are fair, reasonable, and adequate to the Class. This result will be accomplished years earlier than if the case proceeded to judgment through trial and/or appeal(s), and provides certainty whereas litigation does not and could result in defeat for the Class on a motion to dismiss or on class certification, at summary

judgment, at trial, or on appeal. Consequently, this *UAW* factor plainly weighs in favor of final approval of the Settlement.

### 3.   Discovery Has Advanced Far Enough to Allow the Parties to Resolve the Case Responsibly (*UAW* Factor 3)

The third *UAW* Factor is "the amount of discovery engaged in by the parties." *UAW*, 497 F.3d at 631. Here, the Parties exchanged information that would have contained the same information produced in formal discovery related to the issues of class certification and summary judgment; and thus, the Parties had sufficient information to assess the strengths and weaknesses of the claims and defenses. Ex. 2, ¶¶ 10-14, 22-23. Class Counsel's experiences in similar matters, as well as the efforts made by counsel on both sides, confirms that they are sufficiently well apprised of the facts of this action and their respective cases in order to make an intelligent analysis of the Settlement.

### 4.   Plaintiff Would Face Real Risks if the Case Proceeded (*UAW* Factor 4)

The fourth *UAW* factor is "the likelihood of success on the merits." *UAW*, 497 F.3d at 631. As stated above, Defendant would have likely moved to dismiss the SAC, vigorously contested class certification, and moved for summary judgment on various issues. The risk of maintaining class status through trial is also present. At the time of Settlement, the Court had not yet certified the proposed Class and the Parties anticipate that such a determination would only be reached after

lengthy discovery and exhaustive class certification briefing—likely years down the line. Defendant would also likely argue that (1) individual questions preclude class certification; (2) a class action is not a superior method to resolve Plaintiffs' claims; and (3) a class trial would not be manageable. It is entirely plausible that Defendant would prevail on one, if not all, defenses.

Even if the Court did certify a Rule 23 class, Defendant would likely challenge certification through a Rule 23(f) application and subsequently move to decertify, forcing additional rounds of briefing. Risk, expense, and delay permeate such a process. Moreover, in Class Counsel's experience, these additional steps in litigation can take years to resolve. The proposed Settlement eliminates this risk, expense, and delay and awards Class Members payment promptly. This *UAW* factor thus favors final approval.

### 5. Class Counsel and Class Representatives Support the Settlement (*UAW* Factor 5)

The fifth *UAW* factor is "the opinions of class counsel and class representatives." *UAW*, 497 F.3d at 631. "The endorsement of the parties' counsel is entitled to significant weight, and supports the fairness of the class settlement." *UAW*, 2008 WL 4104329, at *18. Here, both Class Counsel and Plaintiffs support the Settlement. *See* Ex. 2, ¶¶ 24, 27. They do so, because as explained, *supra* § III and § IV(B)(2), this Settlement is an excellent result for Class Members in light of

defenses likely to be raised by Defendant. This *UAW* factor therefore also favors final approval.

### 6.   The Reaction of Absent Class Members Is Uniformly Positive (*UAW* Factor 6)

The sixth *UAW* factor is "the reaction of absent class members." *UAW*, 497 F.3d at 631. In most class action settlements, a small number of opt-outs and objections "are to be expected" and do not impact the Settlement's fairness. *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 527 (E.D. Mich. 2003) (citations omitted); *see also Olden v. Gardner*, 294 F. App'x 210, 217 (6th Cir. 2008) (inferring that most "class members had no qualms" with settlement where 79 out of 11,000 class members objected). But here, only one class member objected and 28 class members have requested exclusion. Ex. 1, ¶ 23. This *UAW* factor therefore plainly weighs in favor of final approval. *See, e.g.*, *Hanlon v. Chrysler*, 150 F.3d 1011, 1027 (9th Cir. 1998) ("[T]he fact that the overwhelming majority of the class willingly approved the offer and stayed in the class presents at least some objective positive commentary as to its fairness."); *Massiah v. MetroPlus Health Plan, Inc.*, 2012 WL 5874655, at *4 (E.D.N.Y. Nov. 20, 2012) ("The fact that the vast majority of class members neither objected nor opted out is a strong indication of fairness.").

### 7.   The Settlement Serves the Public Interest (*UAW* Factor 7)

The seventh and final *UAW* factor is the "public interest." *UAW*, 497 F.3d at 631. "[T]here is a strong public interest in encouraging settlement of complex

litigation and class action suits because they are notoriously difficult and unpredictable and settlement conserves judicial resources." *In re Cardizem*, 218 F.R.D. at 530 (internal quotations omitted). Further, when individual class members seek a relatively small amount of statutory damages, "economic reality dictates that [their] suit proceed as a class action or not at all." *Eisen*, 417 U.S. at 161.

Society undoubtedly has a strong interest in incentivizing attorneys to bring complex litigation that is necessary to protect the privacy of individuals' most personal information. In fact, class action litigation in this area is the most realistic means of obtaining recovery on behalf of the entire Class. This factor therefore supports final approval.

All of the *UAW* factors weigh in favor of approval, and the Settlement Agreement on its face is fair, reasonable, and adequate, and not a product of collusion. The Court should therefore grant final approval.

## VI.    CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court grant their Unopposed Motion for Final Approval of Class Action Settlement and enter Final Judgment in the form submitted and attached herewith as **Exhibit 3**.

Respectfully Submitted:

March 1, 2023                      **THE MILLER LAW FIRM, P.C.**

By: */s/ Sharon S. Almonrode*
Sharon S. Almonrode (P33938)
ssa@millerlawpc.com

E. Powell Miller (P39487)
epm@millerlawpc.com
950 West University Drive
Rochester, MI 48307
Telephone: (248) 841-2200

Bryan L. Bleichner
bbleichner@chestnutcambronne.com
Jeffrey D. Bores
jbores@chestnutcambronne.com
Christopher P. Renz
crenz@chestnutcambronne.com
**CHESTNUT CAMBRONNE PA**
100 Washington Avenue South
Suite 1700
Minneapolis, MN 55401
Telephone: (612) 339-7300

Nathan D. Prosser
nprosser@hjlawfirm.com
**HELLMUTH & JOHNSON PLLC**
8050 West 78th Street
Edina, MN 55439
Telephone: (952) 941-4005

Gary M. Klinger
gklinger@milberg.com
**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Telephone: (202) 429-2290

David K. Lietz
dlietz@milberg.com
**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC**
5101 Wisconsin Ave. NW, Suite 305
Washington, D.C. 20016
Telephone: (202) 429-2290

Rachele R. Byrd
byrd@whafh.com
Oana Constantin
constantin@whafh.com
**WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP**
750 B Street, Suite 1820
San Diego, CA 92101
Telephone: (619) 239-4599

M. Anderson Berry
aberry@justice4you.com
Gregory Haroutunian
gharoutunian@justice4you.com
**CLAYEO C. ARNOLD,
PROFESSIONAL LAW CORP.**
865 Howe Avenue
Sacramento, CA 95825
Telephone: (916) 239-4778

Charles R. Ash, IV (P73877)
crash@nationalwagelaw.com
**NATIONAL WAGE AND HOUR
LAW, ASH PLLC**
402 W. Liberty St.
Ann Arbor, MI 48103-4388
Telephone: (734) 234-5583

Terence R. Coates
tcoates@msdlegal.com
**MARKOVITS, STOCK &
DEMARCO, LLC**
119 E. Court St., Ste. 530
Cincinnati, Ohio 45202
Telephone: (513) 651-3700

Joseph M. Lyon
jlyon@thelyonfirm.com
**THE LYON FIRM**

21

2754 Erie Avenue
Cincinnati, OH 45208
Telephone: (513) 381-2333

Jean S. Martin
jeanmartin@forthepeople.com
Francesca Kester
fkester@forthepeople.com
**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 559-4908

Michael Hanna (P81462)
mhanna@forthepeople.com
**MORGAN & MORGAN**
2000 Town Center, Suite 1900
Southfield, MI 48075
Telephone: (313) 739-1950

William B. Federman
wbf@federmanlaw.com
**FEDERMAN & SHERWOOD**
10205 N. Pennsylvania Ave.
Oklahoma City, OK 73120
Telephone: (405) 235-1560

A. Brooke Murphy
abm@murphylegalfirm.com
**MURPHY LAW FIRM**
4116 Will Rogers Pkwy, Suite 700
Oklahoma City, OK 73108
Telephone: (405) 389-4989

Nicholas A. Migliaccio
Jason S. Rathod
**MIGLIACCIO & RATHOD LLP**
412 H. Street NE, Ste. 302
Washington, D.C. 20002

22

Tel: (202) 470-3520
nmiglaccio@classlawdc.com
jrathod@classlawdc.com

*Attorneys for Plaintiffs and Putative Class*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 1, 2023, I electronically filed the foregoing documents using the Court's electronic filing system, which will notify all counsel of record authorized to receive such filings.

By: <u>*/s/ Sharon S. Almonrode*</u>
Sharon S. Almonrode (P33938)
ssa@millerlawpc.com