UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHRISTINE THOMSEN et al.,

                Plaintiffs,                    Case No. 1:22-cv-10271

v.                                  Honorable Thomas L. Ludington
                                  United States District Judge

MORLEY COMPANIES, INC.,

                Defendant.

_____/

**OPINION AND ORDER OVERRULING OBJECTIONS, GRANTING FINAL APPROVAL OF CLASS SETTLEMENT, GRANTING MOTION FOR APPROVAL OF ATTORNEY'S FEES AND COSTS, AND DISMISSING CASE WITH PREJUDICE**

In this data-breach class action against Defendant Morley Companies, Plaintiffs alleged their personal information was stolen from Defendant during a "massive ransomware-type malware attack" in 2021. ECF No. 16 at PageID.448.

After successful negotiations, the Parties reached a settlement that was preliminarily approved, and the following settlement class was certified: "all natural persons residing in the United States who were sent notice letters notifying them that their Private Information was compromised in the Data Incident announced by Defendant on or about August 1, 2021." *Thomsen v. Morley Cos.*, No. 1:22-CV-10271, 2022 WL 16708240 (E.D. Mich. Nov. 4, 2022).

A final-approval hearing was held on April 19, 2023. As explained hereafter, despite the three objections raised at the hearing, the settlement is fair, reasonable, and adequate. Therefore, the objections will be overruled, the settlement agreement will be approved, the proposed incentive awards and attorney's fees and costs will be awarded, a final judgment will be entered, and the case will be dismissed with prejudice.

**I.**

In February 2022, Plaintiff Christine Thomsen sued Defendant for negligence, alleging her personal information was stolen from Defendant during a malware attack because of its lack of cyber security. ECF No. 1. Other plaintiffs filed similar lawsuits against Defendant, voluntarily dismissed their claims without prejudice, and joined this case. *See* ECF No. 17 at PageID.778–79. In March 2022, Plaintiffs filed an amended complaint adding claims of unjust enrichment and breach of contract. *Id.*

In May 2022, the Parties reached a settlement and spent three months finalizing the details, ECF Nos. 15; 26 at PageID.1680. In September 2022, Plaintiffs filed a motion for preliminary approval of the Settlement Agreement under Federal Rule of Civil Procedure 23(e). ECF No. 26.

The Agreement provided for payments to the members of the Settlement Class, release of claims, class-notice procedures, settlement administration, attorney's fees and costs, service awards, and dismissal of the case with prejudice. ECF No. 26-2. After reviewing the Agreement in detail, this Court preliminary approved it. *See generally Thomsen*, 2022 WL 16708240 (citing ECF No. 26-2); *see also* FED. R. CIV. P. 23(e)(2)).

Class notice was sent as ordered, the time for objections passed, and a final-approval hearing was held to determine whether the Agreement is "fair, reasonable, and adequate" under Rule 23(e)(2) on April 19, 2023. At the hearing, this Court considered the Parties' arguments and authorities regarding the settlement, three objections, and the record of the case.

For the reasons stated on the record, all the factors satisfied at the preliminary-approval stage were satisfied again. Which leaves three objections and the sixth factor from *UAW v. GM*, 497 F.3d 615, 631 (6th Cir. 2007).

## II.

The claims of "a class proposed to be certified for purposes of settlement[] may be settled, voluntarily dismissed, or compromised only with the court's approval." FED. R. CIV. P. 23(e). After preliminary approval, notice, and time for objections, the proposed settlement may be finally approved "only after a hearing and only on finding that it is fair, reasonable, and adequate" based on the review of seven factors. FED. R. CIV. P. 23(e)(2). To the same end, the Sixth Circuit provides seven factors to determine whether a class settlement is fair, reasonable, and adequate. *UAW*, 497 F.3d at 631. This Court has already determined that all but one factor from the latter set have been satisfied, *see Thomsen*, 2022 WL 16708240, leaving this Court to determine whether the reaction of absent class members warrants approval of the Agreement: the sixth factor.

## III.

The sixth factor favors approval. Only 28 Class Members opted out, ECF No. 36-1 at PageID.2285, which favors approval, *see In re Polyurethane Foam Antitrust Litig.*, 168 F. Supp. 3d 985, 997 (N.D. Ohio 2016) (holding that, if only a small number of class members opt out, then the Sixth Circuit's sixth factor favors approval). And there were only three objections, which "indicates that the settlement is fair, reasonable and adequate in a class of this size." *See Hainey v. Parrott*, 617 F. Supp. 2d 668, 675 (S.D. Ohio 2007) ("[T]he trial court should not withhold approval of the settlement merely because some class members object to it." (citing *Whitford v. First Nationwide Bank*, 147 F.R.D. 135, 141 (W.D. Ky. 1992))).

The three objections are:

(1) Objection filed by Ms. Kathryn Kennedy and Mr. Gary Vallad on February 10, 2023, challenging the fairness and adequacy of the settlement agreement and notice program's use of QR codes. ECF No. 30.
(2) Objection raised by Mr. Daniel Bennett on behalf of class member Ms. Marcia Bennett, which was submitted after the February 15, 2023 deadline and non-compliant with the objection procedure listed in the Notice.

(3) Correspondence submitted by Ms. Helen Brome to the Claims Administrator, objecting to the Settlement Agreement. ECF No. 37-1.

All objections were overruled by this Court on the basis that they either sought extrajudicial relief outside the purview of the case or were untimely, noncompliant, or lacked merit.

Objection 1 was filed jointly by Kathryn Kennedy and Gary Vallard on February 10, 2023. ECF No. 30. Their general dissatisfaction with Defendant's handling of the data breach, the use of QR codes, and internet-privacy issues exceed the scope of the case and thus do not relate to the fairness or adequacy of the Settlement Agreement. *See id.* at PageID.2067–79.

Their relevant objection to the settlement award and attorney's fees will also be overruled. Although they argue the settlement award "equals $4.15 per person[,] which is completely insufficient," *id.* at PageID.2071, the Agreement specifies that each class member may claim up to $2,500 for documented out-of-pocket expenses, $80 for lost time, free credit monitoring for three years, and one year of free password monitoring. ECF No. 26-2 at PageID.1779. And their objection to the proposed 33% attorney's fees will be overruled. *See* ECF No. 30 at PageID.2071. The percentage-of-fund method is apt because it reflects counsel's specialization in data breaches and simplifies the billing calculations of the 16 cases that were consolidated into one here. And, as noted earlier, a 33% award is presumptively reasonable. *Thomsen v. Morley Cos.*, No. 1:22-CV-10271, 2022 WL 16708240, at *5 (E.D. Mich. Nov. 4, 2022) (citing *Garner Props. & Mgmt. v. City of Inkster*, 2020 WL 4726938, No. 17-cv-13960, at *10 (E.D. Mich. Aug. 14, 2020)).

Objection 2 was not properly filed; it was made at the fairness hearing by Daniel Bennett on behalf of his mother, Class Member Marcia Bennett. Even if the Bennetts' objection was timely, it would fail on the merits because it does not relate to the fairness, adequacy, or reasonableness of the Settlement Agreement. Rather, they seek additional, broad policy changes regarding public funding for victims of consumer fraud. Accordingly, the Bennetts' objection will be overruled.

Objection 3 was improperly submitted by Class Member Helen Brome to the Claims Administrator, which forwarded it to this Court. ECF No. 37. But even if Ms. Brome's objection had been properly filed here, it would be overruled as untimely because it was postmarked March 20, 2023, 41 days after the objection deadline, and does not provide excusable neglect. ECF No. 37-1 at PageID.2295; *see also* FED. R. CIV. P. 6(b)(1)(B). And Ms. Brome's objection lacks merit because it does not identify any concerns with respect to the adequacy or reasonableness of the Settlement Agreement. *See* ECF No. 37-1 at PageID.2295. For these reasons, her objection will be overruled.

In sum, the Settlement Agreement and Class Notice satisfy all the relevant factors, and the objections will be overruled because they seek extrajudicial relief outside the purview of the case, were noncompliant with the objection procedure listed in the Notice, and lacked merit. Thus, the reaction of absent class members weighs in favor of final approval.

For those reasons, this Court will grant final approval of the Settlement Class, the Settlement Agreement, and the payment of attorney's fees, costs, and expenses of $1,419,000 and a service award of $1,500 to the Class Representatives.

**IV.**

Accordingly, it is **ORDERED** that the three Objections to the Settlement Agreement are **OVERRULED**.

Further, it is **ORDERED** that Plaintiffs' Motion to Grant Final Approval of the Settlement Agreement, ECF No. 31, is **GRANTED**.

Further, it is **ORDERED** that the Settlement Agreement, ECF No. 26-2, is **APPROVED**.

Further, it is **ORDERED** that the Settlement Agreement, ECF No. 26-2, is **INCORPORATED** into this final judgment in full and shall have the full force of an Order of this Court.

Further, it is **ORDERED** that Plaintiffs' Motion for Approval of Attorney's Fees, Costs, Expenses, and Service Awards, ECF No. 32, is **GRANTED**, and all such payments shall be made pursuant to the terms of the Settlement Agreement.

Further, it is **ORDERED** that final judgment is **ENTERED**.

Further, it is **ORDERED** that the above-captioned case is **DISMISSED WITH PREJUDICE**.

Further, it is **ORDERED** that this Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Settlement agreement. *See* ECF No. 26-2 at PageID.1756–57.

**This is a final order and closes the above-captioned case**.

Dated: May 12, 2023                                    s/Thomas L. Ludington
                                                      THOMAS L. LUDINGTON
                                                      United States District Judge